# FAIRFAX FAMILY FUND, INC. *v.* CALIFORNIA.

No. 124.  Decided October 11, 1965.

*Herman F. Selvin* for appellant.

*Thomas C. Lynch,* Attorney General of California, *Charles E. Corker,* Assistant Attorney General, and *Arthur C. de Goede* and *H. Warren Siegel,* Deputy Attorneys General, for appellee.

PER CURIAM.

The motion to dismiss is granted and the appeal is dismissed for want of a substantial federal question.

MR. JUSTICE DOUGLAS, dissenting.

Appellant is a Kentucky corporation engaged in a mail-order loan business in thirty-two States. It has no offices, no agents, no employees, and no property in California. It solicits loans from California residents by mail; after a credit report is prepared by a local independent contractor, the loan application is passed on by appellant's officers in Kentucky. If the loan is approved, the check is mailed to the borrower from Kentucky.

1

Because appellant failed to obtain a license from the State of California and pay the annual $200 fee, appellee sought and obtained an injunction barring appellant from conducting its out-of-state small-loan business until the requisite California license was obtained. In order to obtain a license, the lender must display "the financial responsibility, experience, character, and general fitness . . . such as to command the confidence of the community and to warrant belief that the business will be operated honestly, fairly, and efficiently . . . ." Cal. Fin. Code § 24206.

Our decisions have heretofore precluded a State from exacting a license of a firm doing an exclusively interstate business as a condition of entry into the State. See, *e. g.,* *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489; *Crutcher* v. *Kentucky,* 141 U. S. 47; *Eli Lilly & Co.* v. *Sav-On-Drugs,* 366 U. S. 276, 278–289; see also *id.,* at 288, 289–292 (DOUGLAS, J., dissenting). Appellee would characterize these California statutes as primarily of a regulatory nature, invoking *Robertson* v. *California,* 328 U. S. 440, in which the majority of the Court held that a State might exclude an interstate insurance company which failed to meet certain minimum reserve requirements designed to assure that the insurer is financially solvent.

But here California exacts a $200 annual fee as a condition of obtaining and maintaining a license. As we recognized in *Murdock* v. *Pennsylvania,* 319 U. S. 105, 112: "The power to tax the exercise of a privilege is the power to control or suppress its enjoyment." The California District Court of Appeal viewed the fee as one designed to offset the expenses of administering the licensing system itself. From California's characterization of the fee* it is not one to "defray the cost of *purely*

---

*"The charges or expenses imposed by the licensing procedure are no larger in amount than is reasonably necessary to defray the admin-

*local regulations"* which we indicated was permissible in *Murdock,* 319 U. S., at 114, n. 8.    (Emphasis added.)

Because I believe that this case presents substantial and important constitutional questions, I would note probable jurisdiction and set this case down for argument.

istrative expenses involved . . . ." *California* v. *Fairfax Family Fund,* 235 Cal. App. 2d 881, 884, 47 Cal. Rptr. 812, 814.