THE STATE OF OHIO, APPELLEE, *v.*
SIMS, APPELLANT.

(No. C-830455—Decided March 14, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Ms. Melba Marsh,* for appellee.

*Mr. Dominic F. Perrino,* for appellant.

DOAN, J. On January 13, 1983, the driver of a Rainbow Bread Company truck was robbed at gunpoint by two men. The victim identified appellant as one of the perpetrators; however, he was unable to give a description of the second individual. It is uncontroverted that appellant was not identified as having been the firearm wielding robber. Subsequently, appellant was indicted for aggravated robbery, in violation of R.C. 2911.01, with the specification of having a firearm "on or about his person, or under his control," under R.C. 2929.71. He pleaded not guilty. The second individual was never apprehended.

Prior to trial, appellant filed a motion to suppress identification evidence, which the trial court overruled after a hearing. Appellant was found guilty as charged and sentenced to three years' actual incarceration for the use of a firearm in the perpetration of the offense, followed by an indefinite term of five to twenty-five years incarceration for the aggravated robbery. Appellant timely appealed.

Appellant's first assignment of error alleges that his motion to suppress identification evidence should have been granted.

The record reveals that appellant was arrested about fifteen minutes after the robbery and was taken to police headquarters where his rights were read to him. Appellant made no statement except to say that he had no knowledge about the robbery. He was then photographed and taken home. The following day, the victim picked appellant's picture from a photographic display of mugshots. The mugshots were sealed in a manila folder

with all the police numbers and arrest dates covered. Subsequently, the police conducted a line-up and the victim once again identified appellant as one of the perpetrators of the robbery.

At the hearing on the motion to suppress the identification evidence, appellant did not complain about the pictures taken of appellant on the day he was arrested. Appellant argues that the photographic display of mugshots and the line-up were unnecessarily suggestive and prejudicial. We disagree.

In seeking to exclude identification evidence, the appellant has the burden to convince the court that the identification procedures were both suggestive and unnecessary, and that the in-court identification testimony will be unreliable under the totality of the circumstances. *State* v. *Williams* (May 12, 1982), Hamilton App. Nos. C-810494 and C-810496, unreported. A photographic display featuring all mugshots is not, in and of itself, impermissibly suggestive. *State* v. *Goble* (1982), 5 Ohio App. 3d 197. Taking into consideration the totality of the circumstances in the case *sub judice,* we find that the identification procedures were not so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See *Simmons* v. *United States* (1968), 390 U.S. 377, 384. Appellant's first assignment of error is overruled.

Appellant's second assignment of error contends:

"The court erred in limiting defense counsel in cross-examination of witness as to his ability to identify a person of another race."

We agree.

Our review of the record reveals that the identification of appellant as the perpetrator of the robbery was the only issue of contention in the case *sub judice,* and that the only evidence linking appellant to the crime is the identification testimony of the victim. We note that there are several discrepancies between the victim's initial description of the robber and appellant's actual physical characteristics including height, age and hairstyle. It is puzzling that while the victim identified appellant as one of the perpetrators, he can give no description of the man who threatened him with the firearm. Compounding the puzzle, at trial the victim recalled more details about the non-armed perpetrator than he had previously described under rigorous questioning. Furthermore, the appellant presented an alibi which was buttressed by two witnesses. Under these circumstances, where the total case for the state rests upon the victim's identification of appellant we find that the trial court abused its discretion in not permitting defense counsel to adequately cross-examine the witness as to his ability to identify a person of another race. Appellant's second assignment of error has merit.

For his third assignment of error appellant alleges:

"The trial court permitted prejudicial testimony from police officer — request for mistrial should have been granted."

Appellant complains that the cross-examination testimony of one of the police officers, called by appellant at trial, improperly impeached another defense witness, Calvin Brock, by putting evidence of his arrest record, including a "gun alert," before the jury. The charges against Brock had been dismissed and he had no record of conviction.

Assuming, without deciding, that the police officer's testimony was improper, appellant waived his objection by attempting to explain the evidence during the subsequent direct examination of Brock. *State* v. *Browning* (Sept. 17, 1980), Hamilton App. No. C-790241, unreported; *State* v. *Wales* (Jan. 5, 1977), Hamilton App. No. C-75674, unreported. Appellant's third assignment of error is overruled.

Appellant's fourth assignment of error alleges that the trial court erred in

refusing to give two jury instructions, which appellant properly submitted to the court in written form.

The first requested instruction would have charged the jury that they could consider the absence of flight on the part of appellant as tending to prove appellant's "lack of consciousness of guilt." We are unaware of any authority in Ohio holding that "absence of flight" is a proper jury instruction and appellant has not cited any such authority. We find, therefore, that the trial court did not abuse its discretion in refusing to give the "absence of flight instruction."

Appellant's second requested instruction would have charged the jury as follows:

"One of the most important issues in this case is the identification of the Defendant as the perpetrator of the crime. The State of Ohio has the burden of providing [sic] identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his statement. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the Defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty."

We find that the trial court abused its discretion in refusing to give the jury the instruction on identification. We note that the substance of the instruction was not included in the general charge to the jury. The Ohio Supreme Court has stated, in the first paragraph of the syllabus in *Cincinnati* v. *Epperson* (1969), 20 Ohio St. 2d 59 [49 O.O.2d 394]:

"In a criminal case, if requested special instructions to the jury are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge. * * *"

The identity of the appellant as one of the perpetrators of the robbery was the central issue in the case *sub judice*. The jury had to determine the weight to be given to the victim's identification testimony. In light of the circumstances surrounding the identification of appellant as one of the perpetrators of the robbery, discussed *supra* in our disposition of appellant's second assignment of error, we find that the special instruction on identification was appropriate and would have assisted the jury in their determination of the central factual issue. The trial court abused its discretion in refusing to give the requested instruction on identification. See *State* v. *Dale* (1982), 3 Ohio App. 3d 431. We distinguish *State* v. *Guster* (1981), 66 Ohio St. 2d 266 [20 O.O.3d 249], on the grounds that the identifying witness in *Guster* was an experienced police officer, trained in observation, and was, in fact, an instructor of other police officers, whereas the victim in the matter *sub judice* had no such training or experience and had difficulty in the identification process.

Appellant's fourth assignment of error is overruled as to the "absence of flight" instruction and sustained as to the identification instruction.

For his fifth assignment of error appellant alleges that the trial court erred in submitting to the jury one verdict form for both the crime of aggravated robbery and the firearm specification. The verdict form read as follows:

"We, the jury, in the issues joined, find the defendant, William Sims, guilty of aggravated robbery, 2911.01 R.C. as charged in the indictment. And we further find that the defendant had on or about his person or under his control a firearm, while committing the offense of aggravated robbery as charged in the specification to the indictment."

Appellant argues that the specification is to be applied only to the offender who actually carried the firearm and not to one found to be an unarmed accomplice. Therefore, appellant contends, the jury could have found him guilty of aggravated robbery and not guilty as to the

firearm specification. In support of his position, appellant cites the new death penalty statute, R.C. 2929.04, which makes a distinction between the actual triggerman and an accomplice in an aggravated murder case. While the statute provides that the triggerman may be sentenced to death, it has no such provision as to the accomplice. Appellant argues that the same distinction should be applied as to the firearm specification under R.C. 2929.71. We disagree.

R.C. 2923.03, the Ohio complicity statute, provides in pertinent part:

"(A)  No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"* * *

"(2)  Aid or abet another in committing the offense;

"* * *

"(F)  Whoever violates this section is guilty of complicity in the commission of an offense, and *shall be prosecuted and punished as if he were a principal offender.* A charge of complicity may be stated in terms of this section, or in terms of the principal offense." (Emphasis added.)

It is clear that appellant could be charged with and punished for the principal offense of aggravated robbery. Since appellant could be charged and punished as a principal offender under the complicity statute, he is subject to the firearm specification in R.C. 2929.71. We conclude that had the legislature intended to except a complicitor from the specification, it would have written R.C. 2929.71 as it did the death penalty statute, specifically excepting the unarmed accomplice. It did not do so.

Appellant was indicted under R.C. 2911.01(A)(1) which provides in pertinent part:

"(A)  No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1)  *Have a deadly weapon or dangerous ordnance,* as defined in section 2923.11 of the Revised Code, *on or about his person or under his control;"* (Emphasis added.)

The deadly weapon or dangerous ordnance listed in the indictment is a "handgun." No other weapon is alleged to have been involved in the case *sub judice.* Therefore, in finding appellant guilty of aggravated robbery under R.C. 2911.01 (A)(1), the jury necessarily had to find that he had a firearm on or about his person or under his control. Under these facts, it was not prejudicial error to submit both the crime of aggravated robbery and the firearm specification to the jury on one verdict form.[1] Appellant's fifth assignment of error is overruled.

Appellant's sixth assignment of error alleging "irregularity in course and conduct of trial" is not properly stated as an assignment of error under Local Rule 6(C)(3), and therefore, we will not pass upon it.

In light of our disposition of appellant's second and fourth assignments of error, this cause is reversed and remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

PALMER, P.J., and BLACK, J., concur.

---

[1] We do not decide that in every case it is proper to submit both the principal offense and a specification to the jury on the same verdict form. We hold that under the facts in the case *sub judice* the use of such a verdict form was not prejudicial error.