856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
William Raymond ROSE, Defendant-Appellant.
 No. 87-1797.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 William Rose appeals from the district court's judgment and commitment order filed August 7, 1987. For the following reasons, we vacate the district court's judgment and remand this case for further proceedings.
 
 I.
 
 2
 On February 19, 1987, a federal grand jury indicted appellant William Rose on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The indictment related to appellant's arrest at the Detroit Metropolitan Airport on July 17, 1986. On that date, an airplane traveling directly from Miami landed in Detroit at approximately noon. The record reveals that two Drug Enforcement Administration (DEA) agents observed appellant deplane and watched him as he walked from the terminal to his car, which was parked in the airport's short-term parking lot. Appellant testified that as he drove his car toward the parking lot exit, there were two men for whom he had to stop standing in the middle of the road blocking his path. The agent testified that he believed that as appellant saw the agent's police credentials, he slowed down and the agent informed him that he wished to speak with him. The agent further testified that the other agent would have had his credentials out also. Appellant testified that he was driving very slowly and that he did not have to squeal his brakes to stop. The agents requested that appellant turn off his motor because his loud muffler made conversation difficult. Appellant testified that the officers asked him to exit the car, but the agents testified that he got out voluntarily. The agents did not request or take appellant's keys. The agents questioned appellant about his trip and the possibility that he was carrying drugs. Appellant protested that it was hot, that his baby was sick, and that he wanted to hurry home because he had been unable to contact his wife. Subsequently, appellant consented to a search of his only luggage, a duffle bag.[1] The contents of this bag, particularly records resembling drug records and an airline ticket which indicated that appellant's trip had lasted three or four days rather than one week as appellant had told the agents, led an agent to request a pat-down search of appellant. After further protest, the agent searched appellant and seized a substance containing cocaine from the area around appellant's waistband.
 
 
 3
 On March 30, 1987, appellant filed a motion to suppress evidence seized at the airport at the time of his arrest. The district court held an evidentiary hearing on this matter which commenced on May 20, 1987, and was completed two days later. Thereafter, on June 9, 1987, the district court filed a memorandum opinion and order, denying appellant's motion to suppress evidence. The district court held that the agents had conducted a proper investigatory stop, and that subsequent to the investigatory stop and consent search of appellant's duffle bag, the agent's suspicion was elevated to probable cause to search appellant. The district court noted that since probable cause existed for appellant's pat-down search, whether or not appellant consented to this search is irrelevant.
 
 
 4
 On June 19, 1987, appellant withdrew his plea of not guilty and entered a guilty plea. However, appellant retained his right to appeal the district court's denial of his motion to suppress evidence. Subsequently, appellant was sentenced to eighteen months in prison, followed by a special parole term of three years.
 
 
 5
 This timely appeal followed.
 
 II.
 
 6
 Appellant argues initially that the DEA agents had no reasonable and articulable suspicion of criminal activity to justify the investigatory stop of his vehicle. Appellee argues that the agents' approach to appellant and their initial questioning (presumably up until the consensual search of appellant's duffle bag) did not amount to a seizure, but that if they did amount to a seizure, the district court's conclusion that the agents had a reasonable and articulable suspicion to support an investigatory stop is not in error. The district court's memorandum opinion and order is ambiguous in this regard. Because of this ambiguity, we are unable to determine whether the district court found that a seizure had taken place, and if the district court found that there was a seizure, when it occurred. See, e.g., Michigan v. Chesternut, 108 S.Ct. 1975, 1979 (1988) (holding that a seizure occurs " 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave' ") (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980) (Stewart, J.)); Delaware v. Prouse, 440 U.S. 648, 653 (1979) (holding that stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the fourth amendment), cited in Mendenhall, 446 U.S. at 557 (Stewart, J.). Compare, e.g., United States v. Lucci, 758 F.2d 153, 155 (6th Cir.) (holding that no seizure occurred), cert. denied, 474 U.S. 873 (1985) with United States v. Saperstein, 723 F.2d 1221 (6th Cir.1983) (holding that a seizure occurred). The question of when an encounter between police officers and a person in a car constitutes a "seizure" or Terry "investigative stop" depends on specific facts as to the manner of encounter, degree of authority displayed, and many other factors including all of the circumstances surrounding the incident. See, e.g., Terry v. Ohio, 382 U.S. 1, 19 n. 16 (1968) (seizure only when "officer, by means of physical force or show of authority has in some way restrained the liberty of a citizen"); United States v. Kerr, 817 F.2d 1384, 1386-87 (9th Cir.1987); 3 W. LaFave, Search and Seizure Sec. 9.2(h) esp. pp. 412-18. Furthermore, if a seizure is found to have occurred prior to the existence of probable cause for appellant's pat-down search, the district court must reconsider whether the seizure is constitutionally permissible. See infra. Accordingly, we remand this case to the district court for further findings.
 
 
 7
 In the event that a seizure is found to have occurred prior to the existence of probable cause for appellant's pat-down search, the district court must next consider that brief investigatory stops rising to the level of a "seizure" are constitutionally permissible only if " 'supported by a reasonable and articulable suspicion that the person [was] engaged in criminal activity.' " United States v. Knox, 839 F.2d 285, 289 (6th Cir.1988) (quoting Reid v. Georgia, 448 U.S. 438 (1980)). Petition for cert. filed, 56 U.S.L.W. 3834 (U.S. May 23, 1988). "Based upon [the totality of the circumstances,] the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 417-18 (1981). Thus, a two-pronged test must be employed to determine whether an investigatory stop is constitutionally permissible. See Knox, 839 F.2d at 289-90.
 
 
 8
 In the instant case, the district court failed to apply a two-pronged test as required by Cortez and Knox. Accordingly, if the district court reaches this question on remand, it should make findings concerning the existence of an objective as well as a particularized basis for the DEA agents' suspicions. Compare, e.g., Reid and Saperstein (holding that no particularized basis for suspicions existed) with Knox (holding that reasonable and articulable suspicion existed).
 
 
 9
 For the reasons set forth in this opinion, the district court's judgment is VACATED and this case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 It is undisputed that appellant consented to the search of this bag