OPINION
Defendant Adrian D. Hunter appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, convicting and sentencing him for one count of complicity to aggravated robbery in violation of R.C. 2923.03 and R.C. 2911.01, with a firearm specification in violation of R.C. 2941.145, one count of having weapons under disability in violation of RC. 2923.13, and one count of possession of criminal tools in violation of R.C. 2923.24, after a jury trial. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO SUPPRESS USE OF EVIDENCE OBTAINED PURSUANT TO AN ILLEGAL STOP OF DEFENDANT'S VEHICLE.
ASSIGNMENT OF ERROR II
 THE CUMULATIVE EFFECT OF IRREGULARITIES OCCURRING AT THE TRIAL LEVEL PREVENTED DEFENDANT FROM HAVING A FAIR TRIAL.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT JUDGE ERRED WHEN HE ENTERED JUDGMENT OF CONVICTION AGAINST DEFENDANT/APPELLANT ON THE FIREARM SPECIFICATION WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At trial, the State alleged on January 8, 1997, at approximately 10:06 p.m., the Ashland Police Department received a call an armed robbery had occurred at Domino's Pizza on Claremont Avenue in Ashland, Ohio. The report informed the dispatcher Domino's had been robbed by two black men, one of whom was heavy and one skinny, who were armed with a .22 or .25 caliber revolver. The men had left on foot headed south out of the store.
Lieutenant James Leibolt of the Ashland County Sheriff's Department was on State Route 42 southbound out of the City of Ashland. Lieutenant Leibolt heard the radio communication about the robbery at Domino's, and some 14 minutes after the report, saw an unusually large black male drive past him away from the City of Ashland. A check on the license plate of the vehicle revealed the car was registered to a female from Mansfield.
Lieutenant Leibolt followed the vehicle for some distance, and, although not observing any violation, decided to stop the vehicle. As he turned on his pursuit light, Lieutenant Leibolt saw a second head raise up in the front passenger side of the car. The second individual matched the description of the second robbery suspect in that he was a skinny black male. The officer searched the car but did not find a gun. The large man was later identified as the appellant; his passenger was arrested on active warrants from Richland County. Appellant was detained because he did not have a driver's license. Appellant's passenger was carrying $111.75.
Appellant was questioned on several occasions regarding his activities on the night of January 8, 1997. Appellant gave different versions of what he and his passenger were doing in the vicinity of Ashland.
At trial, two employees from Domino's Pizza testified. They both described the robbers as two black men, one much bigger than the other. The smaller man carried a gun. The robbers threatened to shoot the employees, and escaped with a $103.00 from the cash drawer, consisting of one ten dollar bill, several five dollar bills, numerous one dollar bills, and several coins. The money found on appellant's passenger is similar to the description the Domino's employees gave of the money taken from them.
Some time appellant's arrest, an employee of the jail found a gun in Lieutenant Leibolt's cruiser. At trial, appellant's passenger testified he and appellant robbed the Ashland Domino's Pizza store, with the gun later found in Lieutenant Leibolt's cruiser. The passenger testified appellant knew he had a gun, knew the gun was loaded, and was to have shared in the proceeds of the armed robbery.
 I
In his first assignment of error, appellant argues the trial court should have sustained his motion to suppress evidence obtained at the traffic stop because, he maintains, the stop was an illegal one. Appellant asserts the officer who initiated the stop had no reasonable suspicion, based on articulable facts, that the occupants of the vehicle were involved in criminal activity.
In Terry v. Ohio (1968), 382 U.S. 1, the United States Supreme Court held a police officer must be able to point to specific articulable facts, known to the officer at the moment he determined to make the stop, from which a person of reasonable caution would believe the action was appropriate. We must view the propriety of an investigative stop in light of the totality of circumstances, State v. Bobo (1988), 37 Ohio St.3d 177, and the articulable and reasonable suspicion must be based facts available to the officer at the time of the stop, not on facts obtained afterwards, State v. Freeman (1980), 64 Ohio St.2d 291.
At the hearing on the motion to suppress, the officer testified he heard the report by the dispatcher regarding the robbery at Domino's Pizza. The dispatcher had advised the suspects were two black males, one large and one small, who fled on foot. The officer stationed himself on the way out of Ashland on Route 42. The officer observed a large black male driving an older model Oldsmobile. The officer identified appellant as the person he observed. The officer began to follow appellant's vehicle, and double checked with the dispatcher to confirm one of the suspects in the robbery was a large black male. The officer called in the license plate, and learned it was registered to a female who lived in Mansfield. Eventually, the officer decided to pull the car over and when he turned on his lights, he saw a head in the passenger seat raise up, and realized the vehicle was occupied by two black males. The officer testified the description of the two were consistent with information he had received about the suspects in the robbery. The officer also identified appellant's passenger as the co-defendant. The officer then conducted a pat-down of the two individuals, and felt a bulge in the passenger's left front pocket. Upon inquiry, the passenger informed the officer he had around $100.00 in his pocket. The officer did not remove it, but placed him in handcuffs because there was an active warrant out for him.
The officer also testified when he learned the description of the owner of the vehicle did not match the driver, he attempted to contact the owner to ascertain if she knew where her car was. This was unsuccessful. The length of time between the armed robbery and the officer's first observation of appellant in the car was approximately 14 minutes, and the physical distance between the location of the robbery and the area where the officer first observed appellant was approximately two miles.
The trial court found reasonable men would not differ in finding Lieutenant Leibolt acted appropriately in deciding to conduct an investigatory stop of the vehicle, based upon the facts available to him at the time. We find, considering the totality of the circumstances, the officer possessed sufficient reasonable, articulable facts to justify a brief intrusion. After making the decision to stop appellant's vehicle, the officer acquired more information which permitted him to continue to detain, and eventually, to arrest appellant and his passenger.
We find the trial court did not err in overruled appellant's motion to suppress evidence seized at the stop. Accordingly, the first assignment of error is overruled.
 II
In his next assignment of error, appellant argues his right to a fair trial was prejudiced because of what he terms "irregularities" which occurred at trial. The first irregularity of which appellant complains is the court's failure to sever the three-count indictment. Appellant concedes defense counsel did not file a motion for severance.
The second "irregularity" was the prosecutor's comment during the opening statement that appellant has prior convictions for aggravated trafficking in drugs. The court overruled defense counsel's motion for a mistrial, because it found having a prior felony conviction is an element of the crime of having a weapon under disability. The court did not give a limiting instruction to the jury regarding appellant's prior felony conviction. The next "irregularity" allegedly occurred during the jury instructions, when the court defined the word "firearm". The court instructed the jury it had to determine whether the firearm was operable. The jury returned a question during deliberation. The jury asked if Exhibit No. 35 had to be the gun actually used in the robbery in order to meet the firearm specification. Over objection of defense counsel, the court instructed the jury it was not required to find Exhibit No. 35 was the actual gun used in the robbery.
The final "irregularity" concerns counsel's motion for mistrial by reason of prosecutorial misconduct because the prosecution did not give the co-defendant's grand jury testimony to defense promptly.
In State v. DeMarco (1987), 31 Ohio St.3d 191, the Ohio Supreme Court held even if violations of the Rules of Evidence, taken individually, do not rise to the level of prejudicial error, a reviewing court should reverse a conviction where the cumulative effect of the errors deprives the defendant of his constitutional right to a fair trial, syllabus by the court, paragraph two.
Certain of the alleged irregularities must be analyzed pursuant to the Plain Error Doctrine, as provided for in Crim.R 52(B). Under the Rule, courts may take notice of plain error if it affects substantial rights of the individual. The Supreme Court has instructed us to take notice of the plain error doctrine only with the utmost precaution and under exceptional circumstances in order to prevent a manifest miscarriage of justice, State v. Long (1978), 53 Ohio St.2d 91. The argument regarding joinder of the felony charges must taken under the plain error doctrine because appellant concedes trial counsel did not request severance of the charges.
Crim.R 8 permits joinder of offenses, and defendants. The Rule permits two or more offenses to be joined if they are of the same or similar character, or are based on the same act or transaction, or based upon two or more acts or transactions connected together or constituting parts of a common scheme or plan. Two or more defendants may be charged together if they are alleged to have participated in the same transaction or the same series of acts or transactions constituting the offense or offenses, or the same criminal conduct. Crim.R 14 provides for relief from prejudicial joinder. To prevail on a claim the court should have severed otherwise properly joined charges, an appellant must affirmatively demonstrate his rights were prejudiced, and at the time of the motion to sever he provided the trial court with sufficient information so it was able to weigh the considerations favoring joinder against the appellant's right to a fair trial. The appellant must also show the trial court abused its discretion in refusing to separate the charges for trial, State v. Schaim (1992), 65 Ohio St.3d 51. We find the charges were properly joined pursuant to the Criminal Rules, and, had counsel moved for severance, the trial court would not have abused its discretion in overruling the motion. Thus, we find this does not rise to the level of error, plain or otherwise.
Regarding appellant's argument the court should have given the jury a limiting instruction regarding appellant's prior convictions, again, appellant did not object and we must analyze this under plain error. The State points out the court did in fact charge the jury to consider in the evidence applicable to each count separately, and must make a finding as to each count uninfluenced by any other count.
We find this is a correct statement of Ohio law, and does not rise to the level of error, plain or otherwise.
Regarding the court's overruling of the motion for mistrial because of the prosecutor's comments and opening statement, we find the trial court was correct in holding the State had to prove beyond a reasonable doubt appellant had been convicted of a prior felony offense, see State v. Henderson (1979), 58 Ohio St.2d 171. The court's ruling was not erroneous.
Regarding the court's instructions to the jury regarding firearms, we find the court's definition of firearm was a correct statement of law, and the court's response to the jury's question regarding the exhibit was also correct.
Finally, regarding the duty of the prosecution to provide a transcript of the grand jury testimony, it appears the record does not support the argument the alleged delay in counsel's receipt of the transcript was the result of prosecutorial misconduct. Appellant alleges the prosecution should have hand delivered a copy of the testimony on the first day of trial, Monday, October 27, 1997, but rather chose to mail it on Friday, October 24, 1997. The State also provided appellant with a summary of the statement the co-defendant made, and provided counsel with the opportunity to review the tape-recorded statement.
We find the record does not support appellant's contention the prosecutor's actions impermissibly delayed his access to the transcript.
Pursuant to DeMarco, supra, even if none of the complained irregularities constitute prejudicial error, this court must so review the record to determine if appellant was deprived of a fair trial. We have reviewed the record, and we find the cumulative effect of the irregularities did not deprive appellant of a fair and reliable trial as guaranteed by the Constitution.
The second assignment of error is overruled.
 III
Finally, appellant argues his conviction on the firearm specification was against the sufficiency and manifest weight of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Supreme Court explained the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard applied by the trial court to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Id, at 387, citations deleted. Even if a judgment is sustained by sufficient evidence, it may nevertheless be against the weight of the evidence, which concerns the amount of credible evidence offered in trial on one side of an issue, Id. at 387, citations deleted.
Appellant argues the evidence was uncontroverted that his co-defendant had the gun on his person, and brandished it during the robbery. Appellant argues there is no evidence to demonstrate beyond a reasonable doubt appellant possessed or used the firearm.
The State points out an aider and abetter may convicted of a firearm specification even though he does not actually carry the firearm, see State v. Simms (1984), 13 Ohio App.3d 287. There was a great deal of evidence presented to the jury that the two robbers used a gun to rob the Domino's Pizza.
We find there is sufficient, competent and credible evidence to support appellant's conviction on the firearm specification. We find the conviction is not against the sufficiency nor the manifest weight of the evidence.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.