OPINION
{¶ 1} Appellant Robert Lee Hamlett, Jr. appeals from his felony conviction in the Richland County Court of Common Pleas. The relevant history of the case, according to appellant's brief, is as follows.
 {¶ 2} In January, 2001, appellant was arrested and charged with aggravated robbery. On February 12, 2001, appellant was indicted on one count of aggravated robbery. On February 14, 2001, however, prior to the arraignment on said indictment, appellant was released from jail. On December 23, 2002, approximately twenty-two months after the indictment, appellant was arraigned on the aggravated robbery charge. On March 7, 2003, appellant entered a plea of guilty to the charge, with a firearm specification. Appellant was sentenced to three years on the aggravated robbery charge and three years on the firearm specification, to be served consecutively.
 {¶ 3} Appellant filed a notice of appeal on April 7, 2003, and herein raises the following two Assignments of Error:
 {¶ 4} "I. Appellant's state and federal constitutional right to a speedy trial, as implemented in ohio revised code 2945.71-2945.73, was violated, requiring discharge.
 {¶ 5} "II. Counsel's failure to adequately investigate and prepare appellant's case was prejudicial and ineffective assistance of counsel, and precluded appellant entering guilty plea knowingly, voluntarily, and intelligently."
 I. {¶ 6} In his First Assignment of Error, appellant argues that his speedy trial rights were violated.
 {¶ 7} The right to a speedy trial is encompassed within theSixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v. Ladd
(1978), 56 Ohio St.2d 197; State v. Pachay (1980), 64 Ohio St.2d 218. Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial. However, "[t]he general view is that where an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." Village of Montpelier v. Greeno (1986),25 Ohio St.3d 170, citing Annotation (1958), 57 A.L.R.2d 302, 343. See, also State v. Branch (1983), 9 Ohio App.3d 160. Furthermore, in the case sub judice, appellant never filed a motion to dismiss on speedy trial grounds. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. 1981 DodgeRam Van (1988), 36 Ohio St.3d 168, 170.
 {¶ 8} Accordingly, we find appellant has waived the issue of speedy trial rights for purposes of appeal. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 9} In his Second Assignment of Error, appellant contends he was deprived of the effective assistance of trial counsel. We disagree.
 {¶ 10} Appellant first argues that his trial counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds. However, we find this issue would mandate our review of the transcript of the plea hearing. The trial court docket states that appellant received "an agreed sentence"; thus, without a record of the plea hearing, it would be mere conjecture to attempt to ascertain whether prejudice occurred from trial counsel's decisions as to the guilty plea. A review of the file on appeal reveals that appellant has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A). Therefore, this Court has no choice but to presume the validity of the lower court's proceedings, and affirm. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Cf., also,State v. Hill (Feb. 4, 1998), Lorain App. No. 96CA006548: "This Court may not simply presume that there was a motion as claimed, presume it was made when defendant has alleged, presume that defendant's attorney said or failed to say certain things, presume that certain actions were taken by the trial court in response to the motion, and then conduct a review. To do so would be to consider overturning a conviction based on mere allegations."
 {¶ 11} Appellant further raises the following claims of ineffective assistance: (1) failure to investigate the cause of the delay in arresting appellant; (2) failure to obtain sufficient discovery; and (3) failure to seek suppression of certain evidence. However, we find such an argument speculates as to evidence dehors the record, and therefore is not properly raised in a direct appeal. See State v. Lawless, Muskingum App. No. CT2000-0037, 2002-Ohio-3686, citing State v. Cooperrider (1983),4 Ohio St.3d 226, 228.
 {¶ 12} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Boggins, J., concurs.
Hoffman, P.J., concurs. separately.