[Cite as *State v. Brack*, 2011-Ohio-2949.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  | : | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Sheila G. Farmer, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00061 |
|  | : |  |
|  | : |  |
| JOHNNY V. BRACK | : | O P I N I O N |

Defendant-Appellant


| CHARACTER OF PROCEEDING: | Criminal Appeal from Stark County Court of Common Pleas Case No. 2009CR-0437 |
| --- | --- |
| JUDGMENT: | Affirmed In Part and Reversed and Remanded In Part |
| DATE OF JUDGMENT ENTRY: | June 13, 2011 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
| --- | --- |
| JOHN D. FERRERO<br>Prosecuting Attorney<br>Stark County, Ohio | GEORGE URBAN<br>116 Cleveland Avenue, N.W.<br>808 Courtyard Centre<br>Canton, Ohio  44702 |
| BY: RENEE M. WATSON<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South – Suite 510<br>Canton, Ohio  44702-1413 |  |

*Edwards, J.*

{¶1} Appellant, Johnny V. Brack, appeals a judgment of the Stark County Common Pleas Court convicting him of one count of having a weapon under disability (R.C. 2923.13(A)(3)) and sentencing him to five years incarceration. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} In October, 2008, members of the vice unit of the Canton Police Department began to maintain surveillance on a home occupied by appellant and Leisha Sherrell-Sims. The home was owned by Sims. During the six months that the home was under surveillance, officers saw appellant at the home and his vehicle parked at the residence.

{¶3} Officers obtained a search warrant for the home. The master bedroom contained a free-standing clothes rack holding size XXL men's clothing, which would fit appellant. One of the officers had observed appellant wearing several of the items of clothing on the rack during the time that the home was under surveillance.

{¶4} Sergeant Bryan McWilliams searched the master bedroom. He noticed what appeared to be a gun case between the bed and the night stand. When the officer opened the case he found a nine millimeter Taurus handgun with one round in the magazine. On top of the night stand next to the gun, McWilliams found one nine millimeter round of ammunition and mail addressed to appellant. A Rubbermaid container in the same room contained 31 nine millimeter rounds.

{¶5} Sergeant Charles Saler stayed outside the home to direct the SWAT team and maintain a parameter around the house. While Saler observed, appellant

attempted to leave through the back door. Saler ordered appellant to the ground and appellant complied.

{¶6} In April of 2009, appellant was indicted with one count of possession of cocaine and one count of having a weapon under a disability. The case initially proceeded to trial in September, 2009. During the trial it came to the court's attention that a juror told a friend it was not necessary for her to hear any more evidence because of how she felt about people of appellant's race. The court dismissed the jury and declared a mistrial. Appellant did not object.

{¶7} The case again proceeded to trial in January, 2010. Appellant was acquitted of possession of cocaine, but the jury hung on the charge of weapons under disability.

{¶8} The weapons under disability charge proceeded to a third trial on February 17, 2010. At trial, appellant and Sims, who appellant claims as his Islamic common-law wife, told the jury that appellant did not actually live at the residence. They testified that the gun and ammunition belonged to Sims' deceased husband and was stored under the bed, not next to the bed where McWilliams claimed to have found the gun. Sims testified that when appellant did stay at the residence, he did not sleep on the side of the bed where the nightstand containing his mail and ammunition was situated. She claimed that appellant is a timid person who sleeps at the foot of the bed rather than at either side. Sims and appellant both further testified that appellant was not attempting to flee out the back door, but went to the back door to invite the police inside. As to the mail addressed to appellant which was found on the nightstand, Sims

claimed that she gets all appellant's mail because she is his wife and takes care of the finances.

{¶9} Appellant was convicted as charged and sentenced to five years incarceration. He assigns nine errors on appeal:

{¶10} "I. THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶11} "II. THE TRIAL COURT COMMITTED ERROR BY IMPROPERLY CHARGING THE JURY.

{¶12} "III. THE APPELLANT WAS DEPRIVED OF DUE PROCESS OF BY THE MISCONDUCT OF THE PROSECUTOR.

{¶13} "IV. THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL WHERE THE STATE'S WITNESS TESTIFIED TO IRRELEVANT AND PREJUDICIAL EVIDENCE.

{¶14} "V. THE TRIAL COURT'S (SIC) ABUSED ITS DISCRETION BY IMPROPERLY PRECLUDING THE APPELLANT FROM CROSS EXAMINING THE STATE'S WITNESSES AND DENYING HIM OF HIS RIGHT TO DUE PROCESS.

{¶15} "VI. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHT TO REMAIN FREE FROM PROSECUTION IN VIOLATION OF DOUBLE JEOPARDY.

{¶16} "VII. THE APPELLANT'S RIGHT TO A SPEEDY TRIAL WAS DENIED THEREBY VIOLATING HIS RIGHT TO DUE PROCESS.

{¶17} "VIII. THE APPELLANT'S RIGHT TO AN IMPARTIAL TRIBUNAL WAS DENIED THEREBY VIOLATING HIS RIGHT TO DUE PROCESS.

{¶18} "IX. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROPERLY ADVISE THE APPELLANT OF THE APPLICABLE PERIOD OF POST RELEASE CONTROL."

I

{¶19} In his first assignment of error, appellant argues the judgment is against the manifest weight and sufficiency of the evidence.  He argues the State failed to prove he knowingly possessed a firearm because the State did not prove that he had knowledge of the firearm or control of the firearm.

{¶20} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶21} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶22} Appellant was convicted of having a weapon under disability in violation of R.C.2923.13(A)(3):

{¶23} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

{¶24} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

{¶25} Possession may be actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787; *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362, syllabus. Constructive possession will be established where the accused was able to exercise dominion or control over the contraband. *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 75 O.O.2d 366, 373-374, 348 N.E.2d 351, 360-361.

{¶26} During the months that Sims' home was under surveillance, officers observed appellant and/or his vehicle present at the location on numerous occasions. During the execution of the search warrant, Sergeant McWilliams found mail addressed to appellant on a nightstand, along with a nine millimeter round of ammunition. Between that table and the bed, the officer found a handgun. The clothing rack in the bedroom contained mens' clothing in appellant's size, including items of clothing officers had seen him wear. Appellant does not challenge the fact that the state proved he had a prior conviction for possession of cocaine and is therefore not permitted to possess or

control a firearm.  This evidence is sufficient, if believed by the jury, to convict appellant of having a weapon under disability.

{¶27}  Further, the judgment is not against the manifest weight of the evidence. While Sims and appellant both testified that the gun belonged to Sims' deceased husband, and Sims testified that appellant did not stay at the home and when he did he slept at the foot of the bed away from the weapon, the jury did not lose its way in disbelieving this testimony.

{¶28}  The first assignment of error is overruled.

II

{¶29}  In his second assignment of error, appellant argues that the court erred in giving the jury an instruction on flight, and also in the instruction concerning use of his prior convictions.

{¶30}  Appellant first argues that the court erred in giving the following instruction on flight because he was not running, and he cooperated with the police:

{¶31}  "Flight/consciousness of guilt.  Testimony has been admitted indicating that the Defendant fled the scene.  You're instructed that the Defendant's conduct alone does not raise a presumption of guilt, but it may tend to indicate the Defendant's consciousness or awareness of guilt.  If you find that the facts do not support the Defendant fled from the scene, or if you find that some other motive prompted the Defendant's conduct, or if you are unable to decide what the Defendant's motivation was, then you should not consider this evidence for any purpose.  However, if  you find that the facts support that the Defendant engaged in such conduct and if you decide that the Defendant was motive by his - - was motivated by a consciousness or an

awareness of guilt, you may, but you're not required to, consider that evidence in deciding whether the Defendant is guilty of the crime charged.  You alone will determine what weight, if any, to give to this evidence."  Tr. (II) 297-98.

**{¶32}**  A decision as to whether to issue a flight instruction rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Sims* (1984), 13 Ohio App.3d 287, 289, 469 N.E.2d 554. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.  Further, this Court has previously held that there is no support in Ohio law for the contention that an individual must run away or leave the scene rapidly in order for his actions to constitute "flight."  *State v. Sines*, Stark App. No. 2005CA00181, 2006-Ohio-1956, ¶47.

**{¶33}**  Sergeant Saler testified that appellant came out the back door and down the steps moving quickly.  There wasn't time to go into a run, and he wasn't running. Appellant was six feet past the steps when Saler made contact with him, and ended up about 10 feet past that mark because appellant is tall, but when ordered to the ground appellant complied.

**{¶34}**  The court did not abuse its discretion in giving the jury an instruction on flight based on this testimony.  The officer testified that appellant was moving quickly out the back door of the house.  The court instructed the jury that if they found the facts did not support a finding that he fled from the scene or, in leaving, he was motivated by something other than awareness of guilt, they were not to consider the evidence.

Therefore, the jury was instructed to determine whether appellant's conduct constituted flight.

**{¶35}** Appellant next argues that the court erred in giving the following limiting instruction only as to one of appellant's prior convictions, when evidence was admitted concerning multiple prior convictions:

**{¶36}** "Prior conviction.  Evidence was received about the commission of an offense other than the offense which - - with which the Defendant is charged in this trial.  That evidence was received only for a limited purpose.  The Court instructs you that the evidence regarding the prior conviction is being presented because a prior conviction is an element of the offense charged.  It was not received nor may you consider it to prove the character of the Defendant in order to show that he acted in conformity with that character."  Tr. (II) 302.

**{¶37}** Appellant did not object to this instruction and thus has waived all but plain error under Crim. R. 52(B).  The instruction does not constitute plain error unless, but for the instruction, the outcome of the trial clearly would have been otherwise.  See *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.

**{¶38}** Appellant has not demonstrated plain error in the instruction.  The State was required to present evidence that appellant had a prior conviction which prohibited him from possessing a weapon under R.C. 2923.13(A)(3).  The court properly instructed the jury that they could consider this conviction only for that purpose.  However, appellant also took the stand and testified.  When he testified, he admitted to his prior convictions on direct examination and cross-examination.  Tr. (II) 175-179, 207-209.  At this point, his prior convictions other than the one used by the State as an element of

the offense were admissible to attack appellant's credibility under Evid. R. 609(A), and he was not entitled to a limiting instruction that evidence of these convictions could be used only to prove an element of the offense.

{¶39} The second assignment of error is overruled.

III

{¶40} Appellant next argues that the prosecutor committed misconduct in four statements made to the jury during the course of the trial, and by engaging in malicious prosecution.

{¶41} We first consider appellant's claims of misconduct in comments made by the prosecutor in opening and closing arguments. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *State v. Lott* (1990), 51 Ohio St.3d 160. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. *Darden v. Wainwright* (1986), 477 U.S. 168.

{¶42} Appellant failed to object to any of the comments he now complains of and we therefore must find plain error to reverse. Appellant must demonstrate that but for the challenged comments, the outcome of the trial clearly would have been otherwise. *Lott*, supra.

{¶43} Appellant first argues that the prosecutor improperly stated in opening statement that police had concluded that illegal activity was taking place at Sims' home. Tr. (I) 194-195. Appellant argues it was the province of the jury to determine whether illegal activity had occurred.

{¶44} The prosecutor explained in opening statement that police were at the residence pursuant to a search warrant, obtained after surveillance on the residence gave them reason to believe illegal activity was taking place there. Sergeant McWilliams subsequently testified that police were at the residence to execute a search warrant which was issued after surveillance gave them reason to believe illegal activity was taking place in the home. The prosecutor's comment was a fair comment on the evidence, providing background information to explain to the jury why the police were at the residence executing a search warrant on the date the weapon was found. Appellant has not shown that but for this comment, he would have been acquitted.

{¶45} Appellant next argues the prosecutor improperly vouched for the credibility of police officers in closing argument by saying that the police did what they were supposed to do. However, appellant has taken the comment out of context. The prosecutor stated:

{¶46} "They got the search warrant. They went to a judge. They presented evidence and the Judge said to them you have permission to go into that house, you have permission to search for this or that, and you have permission to do it in a no knock way because you've shown evidence that allows you to do that. They're covered. They did what they're supposed to do." Tr. (II) 259.

{¶47} The comment by the prosecutor did not vouch for the credibility of the police by stating that the prosecutor believed the witnesses' testimony. Rather, the comment was directed toward compliance by the police with lawful procedures for getting a warrant before entering Sims' home.

**{¶48}** Finally, appellant argues the prosecutor improperly commented in rebuttal closing argument that police did not have an "ax to gain" (sic) with appellant, that they could not have set appellant up because if they did set him up, they did a horrible job, and that they would not lie and risk their careers to convict appellant.  Tr. (II) 286-287.

**{¶49}** A comment that would otherwise be improper may not be where it is an invited response to argument by opposing counsel.  *State v. Brown* (1988), 38 Ohio St.3d 305, 316, 528 N.E.2d 523.  In the instant case, counsel for appellant argued that the police committed misconduct in order to get a conviction.  Tr. 276-277.  Appellant therefore invited the state's rebuttal comments he now challenges.  Further, appellant has not demonstrated plain error in the comments.

**{¶50}** Appellant next makes a claim of malicious prosecution.  Malicious prosecution is a tort action in which the plaintiff seeks redress for harm caused by the misuse of criminal proceedings.  See *Criss v. Springfield Twp.* (1990), 56 Ohio St.3d 82, 84, 564 N.E.2d 440.  A claim of malicious prosecution is not properly before this court on direct appeal from appellant's criminal conviction.

**{¶51}** The third assignment of error is overruled.

IV

**{¶52}** In his fourth assignment of error, appellant argues the court erred in admitting a sketch of the room where the gun was found because the sketch was irrelevant and prejudicial.  He argues that the sketch was not to scale, and he was prejudiced by its admission because the issue of whether the police could see the gun case from the doorway and whether the case would fit where police claimed to find it was crucial to his defense.

{¶53} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph 2 of the syllabus. Even if relevant, evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid. R. 403(A).

{¶54} Appellant has not demonstrated that the court abused its discretion in admitting the sketch into evidence. The state indicated in questioning of Sergeant McWilliams that the drawing was not to scale. Tr. (I) 219-220. Appellant objected to the admission of the sketch, but later used the sketch in cross-examination. Tr. (I) 262-263. Further, appellant introduced photographs of the room to challenge the testimony of the officers concerning the layout of the room. Tr. (II) 137-140. The sketch was relevant to illustrate McWilliams' testimony concerning the layout of the room on the day the gun was found. The fact that it was not to scale did not make the sketch unfairly prejudicial when the State expressly stated that it was not to scale and appellant introduced photographs of the room.

{¶55} The fourth assignment of error is overruled.

V

{¶56} In his fifth assignment of error, appellant argues that the trial court improperly limited his cross-examination of Sergeant McWilliams and that the trial court erred in denying his motion for disclosure of the confidential informant.

{¶57} After appellant presented his case in chief, the State recalled Sergeant McWilliams as a rebuttal witness. He testified as to the distance between the nightstand and the bed, to refute appellant's claim that the gun case would not fit between the two,

and testified that he did not need to crawl under the bed to retrieve the gun. He also testified that Sims did not tell officers the gun was in the room, and after the weapon was located she stated that the weapon was an heirloom. Tr. (II) 232-233. The evidence was presented to refute Sims' testimony that she told police there was a gun in the house as soon as they entered the house.

{¶58} Appellant then attempted to cross-examine McWilliams on whether appellant was the target of police investigation. The court sustained the State's objection on the grounds that the line of questioning was outside the scope of the rebuttal testimony.

{¶59} The trial court has discretion in limiting the scope of cross-examination, *State v. Ferguson* (1983), 5 Ohio St.3d 160, 450 N.E.2d 265. The trial court did not abuse its discretion in limiting cross-examination to the subject of McWilliams limited rebuttal testimony. McWilliams testified in the state's case in chief, and, at that time, appellant could have pursued a line of questioning concerning any bias of the police against him.

{¶60} Appellant also argues the court erred in denying his motion to disclose the identity of the confidential informant and the informant's criminal history.

{¶61} Disclosure of the informant is required only if the informant's testimony is necessary to prove an essential element of the offense or the identity of the informant would be beneficial to the accused in preparing a defense. *State v. Williams* (1983), 4 Ohio St.3d 74, 446 N.E.2d 779, syllabus. A trial court's decision regarding disclosure of the informant will not be reversed absent an abuse of discretion. *State v. Feltner* (1993), 87 Ohio App.3d 279, 282, 622 N.E.2d 15.

**{¶62}** Appellant argues the police could not have entered the home without the information provided by the informant. However, where the informant's involvement is limited to providing information relevant to the issue of probable cause, disclosure is not required. *State v. Parsons* (1989), 64 Ohio App.3d 63, 69, 580 N.E.2d 800. Appellant fails to demonstrate how disclosure of the identity of the informant would have been beneficial to him in preparing a defense. Appellant had been acquitted of the drug charge prior to trial on the weapons charge.

**{¶63}** The fifth assignment of error is overruled.

VI

**{¶64}** In his sixth assignment of error, appellant argues that the court erred in overruling his motion to dismiss on double jeopardy grounds.

**{¶65}** It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense. *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556, 567. It protects a person who has been acquitted from having to run the gauntlet a second time. *Ashe v. Swenson* (1970), 397 U.S. 436, 445-446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476-477. Double jeopardy does not apply to cases involving inconsistent verdicts and, by implication, hung juries. *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112. A trial court may declare a mistrial and proceed with a second trial where there is a "manifest necessity of ordering the mistrial" or where the "ends of public justice would otherwise be defeated." *State v. Widner* (1981), 68 Ohio St.2d 188, 189, 22 O.O.3d 430, 431, 429 N.E.2d 1065, 1066.

**{¶66}** This Court has previously held that where the court declares a mistrial because of juror misconduct and such mistrial is agreed to by both counsel, jeopardy has not attached and retrial is not barred by double jeopardy. *State v. Doup*, Knox App. No. 02CA00008, 2002-Ohio-6981, ¶89-100. After learning that a juror in appellant's first trial had stated that she had made her decision prior to the conclusion of the trial based on appellant's race, the court declared its intention to declare a mistrial. Counsel for both the State and appellant stated on the record that they had no objection to declaring a mistrial. Tr. (09/11/09), 612. Retrial of appellant following this mistrial was not barred by double jeopardy.

**{¶67}** The second trial resulted in a hung jury on the charge of having a weapon under disability, and appellant could be retried following a trial resulting in a hung jury without violating double jeopardy. *Lovejoy*, supra.

**{¶68}** The sixth assignment of error is overruled.

VII

**{¶69}** Appellant argues that his right to a speedy trial under R.C. 2945.71(C) was violated. The record does not reflect that appellant moved to dismiss the case on speedy trial grounds. The state notes that trial counsel appeared to confuse the two case numbers and filed several motions pertaining to this case under his second case number, 2009CR1298. While at the January 29, 2010, motions hearing the court recognized that appellant's motion to dismiss on double jeopardy grounds applied to 2009CR0437, and the State filed a response to that motion to dismiss in 2009CR0437 and noted that the motion had been filed under the wrong case number, nothing in the record reflects that the court heard or considered a motion to dismiss on speedy trial

grounds in the instant case, nor does the docket reflect that such a motion was filed in the instant case.

{¶70} A defendant's failure to file a motion to dismiss alleging speedy trial grounds waives the issue for purposes of appeal. *State v. Hamlett*, Richland App. No. 03-CA-34, 2004-Ohio-38, ¶7; *State v. Schmuck*, Hardin App. No. 6-08-13, 2009-Ohio-546, ¶15; *State v. Harrison,* 12th Dist. No. CA2006-08-028, 2007-Ohio-7078, ¶ 21, *State v. Grant,* 12th Dist. No. CA2003-05-114, 2004-Ohio-2810, ¶ 9.

{¶71} Further, the Ohio Supreme Court has held that R.C. 2945.71 has no application to retrials. *State v. Fanning* (1982), 1 Ohio St.3d 19, 21, 437 N.E.2d 583. Rather, the appropriate standard is one of reasonableness under the federal and state constitutions. Id. Appellant has made no argument that the time within which he was brought to trial was constitutionally unreasonable and has only argued that he was tried outside the time limitations provided by the statute. Because this was a retrial, R.C. 2945.71 has no application to the instant trial.

{¶72} The seventh assignment of error is overruled.

VIII

{¶73} Appellant argues he was denied his right to an impartial tribunal. He claims Judge Brown and his law clerk bore animosity toward him and treated him with disdain, and speculates that the judge's law clerk improperly interacted with the jury. Appellant's claims are completely unsupported by the record.

{¶74} Further, R.C. 2701.03 provides the exclusive means for determining whether a trial judge is biased, prejudiced, or is otherwise disqualified from presiding over a case. *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11. Disqualification

proceedings are not initiated in the court of appeals and are not subject to review by the court of appeals. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 440, 377 N.E.2d 775.

{¶75}  Appellant's claim is not properly before this court and is not demonstrated by the record.  The eighth assignment of error is overruled.

IX

{¶76}  In his ninth assignment of error, appellant argues that he was advised during his sentencing hearing that he would be subject to a period of postrelease control (PRC) of "up to" three years, while his sentencing judgment entry indicates he will be subject to a mandatory three year period of PRC.

{¶77}  The State concedes that, because appellant was incorrectly advised of PRC at his sentencing hearing, he is entitled to a new sentencing hearing pursuant to R.C. 2929.191.  See *State v. Singleton*, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434.

**{¶78}**  The ninth assignment of error is sustained.

**{¶79}**  This case is remanded for the sole purpose of holding a hearing pursuant to R.C. 2929.191 to correctly advise appellant of the term of postrelease control.  In all other respects the judgment is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0302

[Cite as *State v. Brack*, 2011-Ohio-2949.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                               :
                                            :
              Plaintiff-Appellee            :
                                            :
                                            :
-vs-                                        :        JUDGMENT ENTRY
                                            :
JOHNNY V. BRACK                             :
                                            :
              Defendant-Appellant           :        CASE NO. 2010CA00061


         For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Stark County Court of Common Pleas is reversed and remanded for a

hearing to advise appellant of postrelease control.  In all other respects, the judgment is

affirmed.  Costs assessed 90% to appellant and 10% to appellee.


                                            _____


                                            _____


                                            _____

                                                            JUDGES