OPINION
{¶ 1} Defendant-appellant, Kimberly Scott, appeals her drug conviction in Warren County Court of Common Pleas, claiming that she was denied effective assistance of trial counsel.
 {¶ 2} Appellant was indicted on one count of trafficking in drugs under R.C. 2925.03(A)(1) after it was alleged that she sold crack cocaine to a confidential informant ("informant"). Appellant's case was tried before a jury and she was found guilty as charged. *Page 2 
She now appeals her conviction, setting forth five assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "Appellant was deprived of her constitutional right to effective assistance of counsel through Counsel's failure to file a timely Motion to Suppress evidence."
 {¶ 5} Appellant argues under this assignment of error that her trial counsel was ineffective when he filed an untimely motion to suppress on her behalf that the trial court dismissed because it was filed out of time.
 {¶ 6} To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding.Strickland v. Washington (1984), 466 U.S. 668, 687-693, 104 S.Ct. 2052.
 {¶ 7} Crim.R. 12 requires a pretrial motion, such as a motion to suppress, to be filed within 35 days of arraignment or seven days before trial, whichever is earliest. See Crim.R. 12(C) and (D). Appellant was arraigned on May 4, 2005, and appellant's trial counsel filed a motion to suppress on July 18, 2005. The state of Ohio filed a motion asking that the trial court dismiss the motion to suppress as untimely which was granted.
 {¶ 8} We begin our review mindful that the failure to file a motion to suppress is not per se ineffective assistance of counsel. Kimmelman v.Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574; State v.Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 208. The party asserting a claim of ineffective assistance on the basis of trial counsel's failure to file a motion to suppress must show that the failure to file the motion caused him prejudice. State v. Procter (May 14, 2001), Warren App. Nos. CA2000-06-059, CA2000-08-068, CA2000-08-078; State v.Robinson (1996), 108 Ohio App.3d 428, 433 (trial counsel not required to file a meritless motion to suppress just to place it on the record). *Page 3 
 {¶ 9} Where a record contains no evidence that would justify the filing of a motion to suppress, appellant has not met the burden of proving that trial counsel violated an essential duty by failing to file the motion. State v. Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 208.
 {¶ 10} The first police officer ("first officer") to testify at appellant's trial indicated that he and other officers executed a search warrant at appellant's residence shortly after making a controlled purchase of drugs from appellant's husband. The first officer testified that he met appellant at the entrance to her driveway as she arrived home, explained to her that police were executing a search warrant, and drove appellant down the long drive to the house.
 {¶ 11} The first officer testified that he asked appellant to show him where the money and drugs were located in the house. He testified that appellant first denied knowing anything about her husband's drug activity, but pointed out where drugs and money were kept after the first officer reminded her that police also purchased drugs from her. The "tour," as the first officer described it, included the location where appellant said she placed the money she received from the sale to the informant weeks earlier.
 {¶ 12} Another police officer ("second officer") testified that he gave appellant Miranda warnings and she signed a notification of rights form. He conducted an approximately hour-long "pre-interview" with appellant and then recorded a shorter question and answer session.
 {¶ 13} The state asserts in its brief that Miranda warnings occurred before appellant made the incriminating statements during the "tour." However, the state failed to cite in its brief to any specific portion of the record where Miranda warnings were given before the "tour," and this court could find no such definitive reference in the record.[1]
 {¶ 14} These issues present this court with the difficult task of discerning whether *Page 4 
appellant was prejudiced by her counsel's failure to file a timely motion to suppress. If there was evidence that appellant was read her Miranda rights before she made any incriminating statements, we would be asked to address many of the typical arguments regarding voluntary waiver and police coercion within the context of conflicts between versions offered by a defendant and a police officer.
 {¶ 15} In this case, however, we face an undeveloped and unclear record. Here there is no clear indication that appellant was given and understood her Miranda warnings before she made incriminating statements on the "tour," but evidence that appellant received Miranda warnings before she talked with the second officer. A situation in which appellant received the Miranda warnings "midstream" would require a court to evaluate this evidence in reference to Missouri v. Seibert
(2004), 542 U.S. 600, 124 S.Ct. 2601; and State v. Farris,109 Ohio St.3d 519, 2006-Ohio-3255.
 {¶ 16} The question is whether the Miranda warnings issued by the second police officer were effective if police had already elicited incriminating statements from appellant during the "tour." SeeFarris; Seibert, at 615 (listing factors to determine whetherMiranda warnings delivered "midstream" could be effective: "the completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and the second, the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first").
 {¶ 17} When the motion to suppress was not timely filed by trial counsel, and therefore not the subject of an evidentiary hearing, neither party had the opportunity to build a record of evidence regarding the circumstances under which appellant made the incriminating statements. See Crim.R. 12(H) failure to file objections in timely manner results in waiver of those objections). *Page 5 
 {¶ 18} There is a strong presumption that licensed attorneys are competent and that the challenged action is the product of sound trial strategy, State v. Bradley (1989), 42 Ohio St.3d 136, 141-142. Nevertheless, this case does not involve an intentional waiver of these issues by appellant's trial counsel because he believed filing a motion to suppress evidence was frivolous or meritless. Nor does the record support the finding that appellant's trial counsel determined that his trial strategy was best served by not filing a motion to suppress evidence. Appellant's counsel filed a motion to suppress, but did so in an untimely manner and the trial court refused to hear it.[2]
 {¶ 19} The issues raised by the admission of appellant's incriminating statements are significant because the drug sale with which appellant was charged took place inside her residence and not in open view of law enforcement authorities. The wire transmission of the transaction was undecipherable. A police officer testified that he recognized appellant's voice on the transmission, but talked with the informant after the transaction to verify what took place. The informant was not called to testify at trial.
 {¶ 20} The record before us indicates there was enough evidence to justify the filing of a motion to suppress. See State v. Drummond,2006-Ohio-5084, at ¶ 208. Trial counsel's failure to file a timely motion precluded appellant from asserting violations of her constitutional rights. Therefore, we determine that appellant was prejudiced by counsel's actions, and counsel's ineffectiveness undermines this court's confidence in the outcome of the proceeding. Appellant's first assignment of error is sustained.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "The Trial Court erred in failing to extend the time with respect to Appellant's *Page 6 
Motion to Suppress."
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "Defense Counsel's misapplication of the defense of duress violated appellant's rights to effective assistance of counsel and seriously prejudiced her right to a fair trial."
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "Defense Counsel's failure to investigate and present a valid entrapment defense violated Appellant's right to effective assistance of counsel and a fair trial."
 {¶ 27} Assignment of Error No. 5:
 {¶ 28} "Defense Counsel's failure to attempt to identify the confidential informant, or to locate and subpoena him, deprived Appellant of effective assistance of counsel and a fair trial."
 {¶ 29} Based on our resolution of appellant's first assignment of error, we need not address appellant's second, third and fourth assignments of error. See App.R. 12(A) (1 )(c).
 {¶ 30} The judgment is reversed and appellant's conviction is vacated, and this cause remanded to the trial court for further proceedings according to law and consistent with this opinion. See State v.Gonzales, 151 Ohio App.3d 160, 180, 2002-Ohio-4937, ¶ 61 (where a conviction is reversed on appeal and remanded to the trial court, the trial court must proceed from the point at which the error occurred).
YOUNG and BRESSLER, JJ., concur.
[1] Appellant testified in part about her encounter with police in the driveway and in the home, but her testimony is disjointed and provides no clear understanding of when her Miranda warnings were given.
[2] We note that the record indicates the trial court denied appellant's motion to suppress for filing out of time on July 26, 2005. The trial did not take place until late November 2005, after the trial court agreed to continue the trial date to give appellant the opportunity to enhance the quality of a tape recording of the drug buy. The record does not suggest that appellant's trial counsel attempted to show "good cause" to the trial court to obtain a grant of relief from the waiver of the suppression issues. See Crim.R. 12(D) and (H). *Page 1