JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lamar Price appeals from his convictions after a jury found him guilty of three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), all with firearm specifications.
 {¶ 2} Price presents one assignment of error in which he challenges his convictions based upon a claim of ineffective assistance of trial counsel. Price presents no argument related to the strength of the state's evidence of his guilt; rather, he contends that defense counsel's failures to file a motion to suppress identification evidence and to object to identification testimony provided at trial compromised the fairness of the proceeding.
 {¶ 3} Sua sponte, this court subsequently issued an order to the parties directing them to submit a supplemental brief addressing the impact on this case of State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624. Upon consideration, this court determines the facts herein are distinguishable from Colon but analogous to those presented in State v. Wharf, 86 Ohio St.3d 375, 1999-Ohio-112. Since, therefore,Colon does not apply to convictions based upon violations of R.C.2911.01(A)(1), this appeal will be determined on its merits.
 {¶ 4} A review of the record demonstrates defense counsel's performance did not fall below an objective standard of reasonable representation. Consequently, Price's convictions are affirmed.
 {¶ 5} Price's convictions stem from an incident that occurred on the afternoon of August 2, 2006. According to the testimony of Torre Shanks, she and two other *Page 3 
adults, her sister, Cierra, and Cierra's "boyfriend," Deandre Williams, were walking with their young children in the "Cedar Estates" area, traveling from their homes to the neighborhood wading pool. On their way, they took the shortest route through the basketball court.
 {¶ 6} Although the court was not in use, it was not deserted. Several young men were present there. One, later identified as appellant Price, sat on a bench to Shanks' left. As they passed Price, Shanks observed him make a call on his cellular telephone. He spoke softly to the person he contacted, and the call was brief.
 {¶ 7} Shanks' group went only a short distance further when another young man, later identified as James Mullins, approached them from another direction. Mullins had a gun. Pointing it at the group, Mullins ordered the adults to "get down."
 {¶ 8} After they complied, Mullins, Price, and at least one other young man searched Shanks, her sister, and Williams. The assailants took Williams' clothing; Price removed Williams' shoes. Mullins then commanded the group to leave.
 {¶ 9} Shanks testified that when they reached a place of safety, the police were called. She additionally stated that, while they waited for assistance, her sister indicated she knew one of the young men, viz., Price.
 {¶ 10} Officer Patrick McClain and his partner received a call about the incident at approximately 4:00 p.m. They responded and spoke with the two adult women, both of whom remained shaken as a result of the experience. *Page 4 
 {¶ 11} McClain testified that one of the women provided a name for one of the assailants, "Lamar," so he searched through his patrol car's on-board database for persons with that first name who lived in the area. Price's name appeared; McClain thereupon accessed Price's photograph. McClain testified that when he displayed Price's photograph on the computer screen, both women identified him as one of the assailants.
 {¶ 12} A few days after the incident, the detective who had been assigned to the case asked Shanks to view a photographic array. Without hesitation, Shanks chose Price's photograph as one of the persons involved in the robbery.
 {¶ 13} Price was indicted on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1). Each count carried a one-year and a three-year firearm specification. Although each count additionally carried a criminal gang activity specification, the jury could not agree on a verdict as to these; therefore, the court later dismissed them. After hearing the testimony of the prosecution witnesses and of Price, who testified on his own behalf, the jury found Price guilty as to the substantive charges and the firearm specifications.
 {¶ 14} The trial court ultimately sentenced Price to a term of incarceration that totaled eighteen years.
 {¶ 15} He appeals his convictions with one assignment of error as follows:
 "I. Appellant was denied his right to effective assistance of counsel in violation of his rights pursuant to the Sixth and Fourteenth Amendments *Page 5 to the United States Constitution and Article I, Section 10 of the Ohio Constitution when defense counsel failed to file a motion to suppress defendant-appellant's out of court photograph identification and failed to object to in court testimony regarding said out of court photograph identification."
 {¶ 16} Price argues that defense counsel rendered ineffective assistance with respect to one particular matter. Price contends counsel's failure to either: 1) file a motion to suppress evidence concerning the women's identification of him from a single photograph displayed on a computer screen; or 2) object to this testimony at trial, compromised his constitutional rights. This court disagrees.
 {¶ 17} Price's claim of ineffective assistance of counsel requires proof that counsel's "performance has fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from that performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; see, also, State v. Lytle (1976),48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." Bradley, supra, paragraph three of the syllabus.
 {¶ 18} The burden is on appellant to prove ineffectiveness of counsel.State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is strongly presumed to have *Page 6 
rendered adequate assistance. Id. Moreover, this court will not second-guess what could be considered to be a matter of trial strategy.
 {¶ 19} The record in this case with regard to counsel's omissions demonstrates counsel's performance fell within objectively reasonable standards of representation. It must first be noted that, since the decision falls within matters of trial strategy, counsel is not required to file a motion to suppress evidence in every case. State v. Flors
(1987), 38 Ohio App.3d 133, headnote two.
 {¶ 20} Regarding pretrial identification procedures, moreover, the Ohio Supreme Court has stated as follows:
 When a witness had been confronted with a suspect before trial, due process requires a court to suppress an identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances. State v. Waddy (1992), 63 Ohio St.3d 424, 438, 588 N.E.2d 819, 830-831, citing Manson v. Brathwaite (1977), 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140, 155, and Neil v. Biggers (1972), 409 U.S. 188, 196-198, 93 S.Ct. 375, 381-382, 34 L.Ed.2d 401, 410-411.*** [N]o due process violation will be found where an identification does not stem from an impermissibly suggestive confrontation, but is instead the result of observations at the time of the crime. Coleman v. Alabama (1970), 399 U.S. 1, 5-6, 90 S.Ct. 1999, 2001, 26 L.Ed.2d 387, 394.
State v. Davis, 76 Ohio St.3d 107 at 112, 1996-Ohio-414. (Emphasis added.)
 {¶ 21} The supreme court, therefore, has stressed that the focus of an inquiry into the matter must be primarily upon reliability rather than merely upon the identification procedure. State v. Williams,73 Ohio St.3d 153, at 164, 1995-Ohio-275, citing State v. Jells (1990),53 Ohio St.3d 22, 27. Even if the identification *Page 7 
procedures were unnecessarily suggestive, it is defendant's burden to show that the witness's identification was unreliable under thetotality of the circumstances. State v. Sims (1984), 13 Ohio App.3d 287
at 288. Thus, suggestive identification procedures do not preclude admission where the identification itself is determined to be reliable.Davis, supra; State v. Keith, 79 Ohio St.3d 514, 523, 1997-Ohio-367;State v. Moody (1978), 55 Ohio St.2d 64.
 In determining "whether under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive *** the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers (1972), 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411.
Keith, supra.
 {¶ 22} In this case, although Officer McClain's display of only a single photograph on his computer could be said to have been unnecessarily suggestive, the record reflects the women identified Price from observations at the time of the crime. State v. Butler, Cuyahoga App. No. 89755, 2008-Ohio-1924, ¶ 14. McClain stated he arrived to find both women still anxious and upset from the incident, and Cierra provided a name for one of their attackers.
 {¶ 23} Shanks testified she recognized Price. She had a clear look at him as he sat a short distance away along their path to the pool on a bright summer day. *Page 8 
The incident of being robbed at gunpoint with little children in her charge obviously was a memorable event that affected her deeply.
 {¶ 24} Although Shanks did not know Price's name, her sister did. Upon being provided with that name, McClain called up on his computer a photograph, which each of the women positively identified. Moreover, Shanks remained very positive in her identification of Price at trial.
 {¶ 25} Since the record reveals the identification of Price was reliable, defense counsel had neither a particular justification nor a duty to file a motion to suppress that evidence. Flors, supra.
 {¶ 26} It is apparent from the record in this case that, in the face of overwhelming evidence against his client, defense counsel's strategy was to challenge the credibility of the prosecution witnesses, most of whom sought to create an inference of Price's guilt of these offenses based upon his association with known gang members. Shanks was the only actual witness who was a victim, and she was the first to testify. Thus, by the time Price himself testified, the jury's collective memory of what Shanks said was diluted.
 {¶ 27} Counsel cannot be faulted in hindsight for choosing this defense strategy, which proved successful in part, since the jury could not agree that Price was guilty of the gang activity specifications attached to the indictment. State v. Braxton (1995), 102 Ohio App.3d 28. Therefore, Price cannot sustain his burden to show counsel provided constitutionally ineffective assistance. Bradley, supra. *Page 9 
 {¶ 28} For the foregoing reasons, Price's assignment of error is overruled.
Convictions affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Appellant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1