{¶ 1} Defendant Christopher Graham (appellant) appeals his convictions for drug and criminal tool possession. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On February 5, 2007, appellant was driving a silver Chevrolet minivan near the intersection of Aspinwall Avenue and East 147th Street in Cleveland, Ohio. An unidentified juvenile was sitting in the front passenger seat. Cleveland police officer John Franko saw appellant run a stop sign and pulled him over. Appellant admitted that he did not have a valid driver's license and told Franko he had no other form of identification with him. Franko arrested appellant for driving with a suspended license and, as Franko conducted an inventory search of the van prior to having it towed, he immediately saw a small electronic scale with white flakes on it on the driver's side floor of the van, between the gas pedal and the center console. In addition, Franko saw, in plain view, a baseball cap on the passenger's side floor, with approximately $1,200 in it. Both appellant and the juvenile stated that the cap and money belonged to the juvenile and that they were unaware of the scale and white substance.
 {¶ 3} On April 11, 2007, appellant was indicted for various counts of drug trafficking and possession of criminal tools. On August 23, 2007, a jury found *Page 4 
appellant guilty of one charge of possession of .04 grams of crack cocaine, a fifth degree felony, in violation of R.C. 2925.11, and one count of possession of criminal tools, also a fifth degree felony, in violation of R.C. 2923.24. On August 28, 2007, the court sentenced appellant to an aggregate term of 22 months in prison.
 II. {¶ 4} In appellant's first assignment of error, he argues that "the trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of possession of a controlled substance and possession of criminal tools." Specifically, appellant argues there was insufficient evidence to show that he had constructive possession of the scale and crack cocaine flakes.
 {¶ 5} When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 6} R.C. 2925.11 defines drug possession as, "no person shall knowingly obtain, possess, or use a controlled substance." Furthermore, R.C. 2923.24 defines possession of criminal tools as, "no person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." R.C. 2925.01(K) defines possession as follows: "having control over a thing or substance, but [possession] may not be inferred solely from mere access to *Page 5 
the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 7} Legally, possession may be actual or constructive. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Hankerson (1982), 70 Ohio St.2d 87, 91. See, also, State v. Johnson, Cuyahoga App. No. 82340, 2003-Ohio-6634
(holding that "while proof of presence in the vicinity of the cocaine is not enough to prove possession, if the evidence presented at trial supports that the cocaine was in the appellant's constructive possession, such as where the appellant was in close proximity to the drugs, a rational trier of fact can conclude that it was within the appellant's dominion and control").
 {¶ 8} In the instant case, Franko found the scale in plain view on the driver's side floor of the van, which appellant was driving at the time. Appellant argues that he did not own the van, he made no furtive movements or gestures when the police approached him, and neither he nor the juvenile claimed ownership or use of the scale. The instant case is similar to State v. Wright, Butler App. No. CA2003-05-127, 2004-Ohio-2811. In Wright, the Twelfth District Court of Appeals of Ohio upheld the defendant's drug possession conviction, based on the following evidence:
 {¶ 9} "The arresting officer testified that the rock of cocaine was found on the passenger floorboard `directly between his [appellant's] feet if they [the feet] were close towards the seat.' The jury also heard testimony that a full console separated *Page 6 
the driver from the front passenger area and the back passenger was sitting on a bench seat behind the front occupants."
 {¶ 10} Accordingly, there was sufficient evidence to show that appellant possessed the crack cocaine and scale found at his feet in the van he was driving. Appellant's first assignment of error is overruled.
 III. {¶ 11} In appellant's second and final assignment of error, he argues that his "convictions for possession of a controlled substance and possession of criminal tools were against the manifest weight of the evidence." Appellant's arguments regarding the weight of the evidence mirror the arguments in his first assignment of error.
 {¶ 12} The proper test for an appellate court reviewing a manifest weight of the
evidence claim is as follows:
 "The appellate court sits as the `thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} Based on our above analysis of the instant case, we also find that the jury did not lose its way in convicting appellant of drug possession and possession of criminal tools. We agree with the state's argument that it is reasonable to conclude appellant had constructive possession of the scale and drugs because "he could hardly have gotten in or *Page 7 
out of the van without kicking it or stepping on it." Appellant's second assignment of error
is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1