JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Maurice Lyons, appeals his conviction for aggravated robbery. Finding no merit, we affirm.
 {¶ 2} In May 2007, the Cuyahoga County Grand Jury indicted Lyons for a single count of aggravated robbery, a violation of R.C. 2911.01(A)(1). Lyons pled not guilty and the matter proceeded to a bench trial where the following evidence was presented.
 {¶ 3} Christopher Kvoriak testified that on April 25, 2007, he was walking home from work, crossing Euclid Heights Boulevard in Cleveland Heights, when a man with a cast on his leg, later identified as Lyons, yelled for his attention, followed him across the street, and then asked for change. Kvoriak gave Lyons some change and then continued walking home. After noticing that Lyons was following him, Kvoriak turned around and asked Lyons what he was doing. At that time, Lyons pulled out a knife and told Kvoriak to "lay it down." Kvoriak ran home, told his girlfriend what happened, who in turn encouraged him to call the police, but he declined.
 {¶ 4} The next morning Cleveland Heights police apprehended Lyons in the parking lot of a Cleveland Heights drug store after receiving a report that a man was walking with a knife in a "menacing" manner in that area. *Page 2 
 {¶ 5} The police arrested Lyons and confiscated a knife from him. After taking Lyons into custody, the police filled out a medical inventory sheet that indicated that Lyons had a cast on his left leg.
 {¶ 6} Subsequently, the police, who heard of Kvoriak's incident from a local business owner, contacted Kvoriak and asked him to come down to the station to look at a photo array of suspects.
 {¶ 7} Prior to viewing the photo array, Kvoriak made a written statement of the incident and described Lyons' appearance as a black man who was "short, not real short," and "pretty stocky." Kvoriak further noted in his written statement that Lyons had a cast on his leg. After examining the photo array for a couple of minutes, Kvoriak identified Lyons as the man who pulled the knife on him.
 {¶ 8} Kvoriak also made an in-court identification of Lyons at trial, indicating that he was the person who pulled a knife on him and tried to rob him. Another witness who had called police also testified at trial and identified Lyons in court as the person that he saw carrying a knife.
 {¶ 9} The trial court found Lyons guilty of a single count of aggravated robbery and sentenced him to three years in prison. Lyons appeals his conviction, raising the following assignment of error: *Page 3 
 {¶ 10} "Maurice Lyons was denied his constitutional right to effective assistance of counsel by trial counsel's failure to represent Mr. Lyons zealously and to raise a possible defense."
 {¶ 11} In his single assignment of error, Lyons argues that he was denied effective assistance of counsel because his attorney failed to move to suppress Kvoriak's identification of him.
 {¶ 12} To succeed on a claim of ineffective assistance, a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. Strickland v.Washington (1984), 466 U.S. 668, 687; State v. Bradley (1989),42 Ohio St.3d 136. Counsel will only be considered deficient if his or her conduct fell below an objective standard of reasonableness.Strickland at 688. When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. To establish resulting prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. Id. at 694.
 {¶ 13} Failure to file a motion to suppress is not per se ineffective assistance of counsel. State v. Madrigal, 87 Ohio St.3d 378, 389,2000-Ohio-448, quoting *Page 4 
 {¶ 14} Kimmelman v. Morrison (1986), 477 U.S. 365, 384. "Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based upon the record, the motion would have been granted."State v. Kuhn, 9th Dist. No. 05CA008859, 2006-Ohio-4416, at ¶ 11, citingState v. Robinson (1996), 108 Ohio App.3d 428, 433.
 {¶ 15} Lyons argues that the photo array was unduly suggestive and led to an unreliable identification, which should have been excluded. He contends that had his defense counsel moved to suppress Kvoriak's pretrial and trial identification of him, the trial court would have granted it. We disagree.
 {¶ 16} The United States Supreme Court approved the use of photo arrays in initial identifications as "used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs." Simmons v. United States (1968), 390 U.S. 377, 384. The Court held that "each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Id. *Page 5 
 {¶ 17} In Neil v. Biggers (1972), 409 U.S. 188, 199-200, the United States Supreme Court stated that when reviewing suggestive identification procedures, the crucial inquiry is "whether under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. * * * The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." See, also, State v. Williams,73 Ohio St.3d 153, 163, 1995-Ohio-275.
 {¶ 18} Lyons argues that the array was unduly suggestive because only two of the six photographs depicted a "pretty stocky" man. He further argues that his skin tone is drastically different from the other stocky man, that his head is "cocked" unlike the other individuals, and that he is the only one wearing clothing appropriate for April weather. Although we agree that Lyons and only one other individual appear to fit the description of "pretty stocky," we disagree with Lyons' characterization of the other differences. To the extent *Page 6 
 {¶ 19} that there are slight differences in the individuals' clothing, the angle of their heads, and their skin tone, this alone does not render the photo array unduly suggestive. Notably, "[a] defendant in a lineup need not be surrounded by people nearly identical in appearance."State v. Thomas, 8th Dist. No. 88548, 2007-Ohio-3522, ¶ 14, quotingState v. Davis, 76 Ohio St.3d 107, 1996-Ohio-414.
 {¶ 20} But even if we agreed that the photo array was suggestive, this alone does not require a trial court to suppress an eyewitness' identification. "An unneccessarily suggestive identification process does not violate due process if the identification possesses sufficient indicia of reliability." State v. Keith, 79 Ohio St.3d 514, 526,1997-Ohio-367. To suppress the identification, the defendant must produce evidence that the identification was unreliable under the totality of the circumstances. State v. Sims (1984), 13 Ohio App.3d 287,288. Thus, a suggestive identification process does not preclude the admission of identification testimony when the challenged identification is determined to be reliable. State v. Price, 8th Dist. No. 90308,2008-Ohio-3454; State v. Carey, 8th Dist. No. 88487, 2007-Ohio-3073;State v. Morrison, 8th Dist. No. 86967, 2006-Ohio-3352, ¶ 23, citingState v. Bates, 8th Dist. No. 84654, 2005-Ohio-3411.
 {¶ 21} Indeed, even in cases where only one or two photographs were presented as part of a pretrial identification, this court has repeatedly held that *Page 7 
a motion to suppress would have been futile when the totality of the circumstances revealed that the challenged identification was reliable. See, e.g., Price, supra; State v. Keck, 8th Dist. No. 89637,2008-Ohio-3794; Morrison, supra.
 {¶ 22} Applying the Biggers factors, we find that Kvoriak's identification of Lyons was reliable. First, Kvoriak's testimony revealed that he had ample opportunity to observe Lyons close-up and make a positive identification. He observed Lyons face-to-face on two separate occasions over a five to seven minute time period: (1) when he gave him change, and (2) when he later confronted Lyons as to why he was following him, resulting in Lyons pulling a knife on him. Second, Kvoriak accurately described Lyons' physical appearance prior to the photo array, and most notably, he specifically identified Lyons as having a cast. This unique identifying characteristic was not even implicated in the photo array because Kvoriak only viewed head shots of alleged suspects. Nevertheless, Kvoriak still properly identified Lyons based on his other physical features. Third, Kvoriak testified at trial that he was 100% positive that Lyons was the perpetrator who tried to rob him with a knife. Finally, Kvoriak identified Lyons close in time to when the offense occurred, namely, two days later. All of these factors weigh heavily in concluding that Kvoriak's identification carried "sufficient indicia of reliability"; therefore, the identification was admissible. *Page 8 
 {¶ 23} Accordingly, because Kvoriak's identification demonstrated sufficient indicia of reliability, we cannot say that defense counsel was ineffective for failing to file a futile motion.
 {¶ 24} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, JUDGE
 COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1