JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jonathan Smith appeals from his conviction after the trial court found him guilty of possession of cocaine.
 {¶ 2} Smith presents two assignments of error, claiming that his conviction is not supported by the manifest weight of the evidence, and his trial counsel provided ineffective assistance.
 {¶ 3} Upon a review of the record, this court cannot agree with either of Smith's claims. Consequently, his conviction is affirmed.
 {¶ 4} The only witness who testified at Smith's trial was Cleveland police officer Jeffrey Yasenchack. According to Yasenchack, the incident that led to Smith's conviction occurred on the afternoon of March 9, 2007.
 {¶ 5} Yasenchack and his partner were on routine patrol on Union Avenue approaching East 80th Street. They "observed a silver Chrysler 300 sedan in front of [them] also eastbound, [which] changed lanes from the curb lane to the center lane without signaling. [They] conducted a traffic stop." The driver, later identified as Smith, obeyed their signal to pull over.
 {¶ 6} Yasenchack approached the passenger side, while his partner went to the driver's side. "Right in plain view right on the center console was one bag and one plastic vial of suspected marijuana." At that point, the officers asked Smith to exit the vehicle, "and placed him under arrest for the use of a vehicle to solicit drug sales." *Page 4 
 {¶ 7} The officers then seated Smith in their patrol car. When they "ran his license for any warrants," they learned that Smith "had three suspensions." Since Smith could not drive, Yasenchack's partner began writing up "a tow [sheet] for the vehicle and [Yasenchack] went to do the inventory search ***." This was "procedure"; the arresting officers conducted a "total inventory of all the property" inside the vehicle to prevent accusations of "stealing."
 {¶ 8} The first item Yasenchack saw lay on the front passenger seat: a black leather jacket. Yasenchack looked in the pockets, and in one of the "inside" ones, found a clear plastic "bag of cocaine powder." The parties stipulated that the cocaine weighed 13.88 grams.
 {¶ 9} With the plastic bag and the jacket in his hands, Yasenchack returned to the zone car to confront Smith. When Yasenchack "advised him of the additional charges he was facing," Smith "stated he was just holding on to [that] stuff for his Uncle Darryl."
 {¶ 10} Smith received a traffic citation for driving under a license suspension, improper lane change, and failure to wear a seatbelt. Subsequently, he was indicted in the instant case on three counts, charged with drug trafficking, possession of cocaine, and possession of criminal tools.
 {¶ 11} Smith signed a jury waiver and his case proceeded to a bench trial. At the conclusion of the state's case, the trial court dismissed both the drug *Page 5 
trafficking charge and the possession of criminal tools charge. At the conclusion of the evidence, the trial court found Smith guilty of the remaining charge.
 {¶ 12} Smith received a community control sanction, and appeals his conviction with two assignments of error.
"I. The verdict was against the manifest weight of the evidence.
"II. Mr. Smith received the ineffective assistance of counsel."
 {¶ 13} In his first assignment of error, Smith argues the trial court improperly concluded he was guilty of possession of cocaine, since the evidence failed to establish who owned the jacket.
 {¶ 14} With regard to reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 15} This court must be mindful, however, that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact to consider. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. *Page 6 
 {¶ 16} The trial court convicted Smith of possession of cocaine in violation of R.C. 2925.11(A), which prohibits a person from "knowingly" obtaining or possessing a controlled substance such as cocaine.
 {¶ 17} Yasenchack testified that he found the jacket on the front passenger seat, within the driver's reach. He testified that Smith was wearing "blue jeans and a white T-shirt" at the time of the traffic stop. The stop occurred on a winter afternoon.
 {¶ 18} After finding the cocaine, Yasenchack immediately returned to the zone car where Smith sat, showed him the items, and advised him he was facing additional charges. Rather than stating that neither item belonged to him, Smith protested that he was "just holding on to [that] stuff"; Yasenchack testified Smith "was looking at the cocaine, not the jacket."
 {¶ 19} Under the circumstances, the trial court did not lose its way in concluding that Smith incriminated himself with his own words; he knew the cocaine was present, since he admitted "holding" it. Smith's conviction, therefore, finds support in the manifest weight of the evidence. State v. Graham, Cuyahoga App. No. 90437, 2008-Ohio-3985;State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538.
 {¶ 20} Smith claims in his second assignment of error that the trial counsel he retained provided ineffective assistance, in that counsel failed to file a motion *Page 7 
to suppress evidence. Smith contends such a motion was warranted on the facts of this case.
 {¶ 21} Smith's claim of ineffective assistance of counsel requires proof that counsel's "performance has fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from that performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; see, also, State v. Lytle (1976),48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." Bradley, supra, paragraph three of the syllabus.
 {¶ 22} The burden is on appellant to prove ineffectiveness of counsel.State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id. Moreover, this court will not second-guess what could be considered to be a matter of trial strategy. State v. Price, Cuyahoga App. No. 90308, 2008-Ohio-3454.
 {¶ 23} The record in this case demonstrates counsel's performance fell within objectively reasonable standards of representation. It must first be noted that, since the decision falls within matters of trial strategy, counsel is not required to file a motion to suppress evidence in every case. State v. Flors (1987), 38 Ohio App.3d 133. *Page 8 
 {¶ 24} A motion to suppress is particularly unnecessary where the facts demonstrate, as they did in this case, that the defendant had been placed under arrest before he made an incriminating statement. In the process of making an arrest, police officers routinely provide a warning to the arrestee that "any statement" may be used against him. Presumably, counsel knew of this fact, and decided to forego filing a motion to suppress evidence on this basis.
 {¶ 25} Thus, Smith cannot fault his trial counsel at this juncture, since counsel secured Smith's acquittal on two of the three charges against him. State v. Price, supra; State v. Page, Cuyahoga App. No. 90485, 2008-Ohio-4244.
 {¶ 26} For the foregoing reasons, Smith's assignments of error are overruled.
 {¶ 27} His conviction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to *Page 9 
Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., CONCURS.
CHRISTINE T. McMONAGLE, J., CONCURS (SEE ATTACHED CONCURRING OPINION).