JOURNAL ENTRY AND OPINION
{¶ 1} After entering guilty pleas in two separate cases to several charges, defendant-appellant Deangelo Stone appeals from his convictions.
 {¶ 2} Stone presents one assignment of error in which he claims his trial counsel rendered ineffective assistance for failing to file a motion to suppress evidence. Based upon the record, his claim lacks merit. Therefore, it is rejected, and his convictions are affirmed.
 {¶ 3} Stone originally was indicted in CR-481914 on two counts, viz., receiving stolen property and misuse of credit cards. Subsequently, he also was *Page 3 
indicted in CR-494047 on four additional counts, charged with three counts of aggravated robbery and one count of felonious assault; each count contained both a three-year and a one-year firearm specification. Stone entered pleas of not guilty at his arraignments in these cases.
 {¶ 4} After several months, Stone's more recent case proceeded to a bench trial. The prosecutor indicated during his opening statement that Stone "robbed three high school kids *** at gunpoint," that all of the victims identified Stone as the offender, and that after Stone was arrested, he "told Detective Howard *** that he committed these robberies but denied any use of a firearm."
 {¶ 5} During her opening statement to the court, defense counsel countered that her client "admits the fact that he did rob these three people but as the evidence will show, there was no gun. Even though he did confess to the fact that there was a gun, that confession was tainted inasmuch as at the time that Deangelo was interviewed by the police he was high on PCP. That, coupled with the fact that he had never been troubled [sic] before, and he was scared and he went ahead and he said something very, very ill-advised and with tremendous ramifications as we know." Defense counsel thus stressed that the police found no gun on Stone "at the time of the incident."
 {¶ 6} Thereafter, the prosecutor called his first witness, one of the victims. The witness had answered only a few questions, however, when defense counsel *Page 4 
notified the court that Stone suddenly decided to accept the state's offer of a plea agreement. The trial thus stopped.
 {¶ 7} At that point, the prosecutor outlined the details of the offer, i.e., in exchange for Stone's guilty pleas to the indictment in CR-481914, and to the first three counts in CR-494047, amended to delete the one-year firearm specification in count one and the three-year firearm specifications in counts two and three, the state would dismiss count four. The trial court conducted a careful and thorough colloquy with Stone before accepting his pleas.
 {¶ 8} The trial court ultimately sentenced Stone to a total prison term of nine years for his convictions in these cases. Stone subsequently filed a motion seeking a delayed appeal, which this court granted.
 {¶ 9} Stone presents the following assignment of error for review:
I. Defendant was not afforded the effective assistance ofcounsel."
 {¶ 10} Stone argues that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the evidence of his confession. He speculates that, had counsel done so, he might have "obtain[ed] a more advantageous outcome." Stone's argument, however, finds no support in the record.
 {¶ 11} A claim of ineffective assistance of counsel requires proof that counsel's "performance has fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from that performance. State *Page 5 v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; see, also, State v. Lytle (1976), 48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." Bradley, supra, paragraph three of the syllabus.
 {¶ 12} The burden is on appellant to prove ineffectiveness of counsel.State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id. Moreover, this court will not second-guess what could be considered to be a matter of trial strategy.
 {¶ 13} With the foregoing in mind, the record in this case with regard to counsel's omissions demonstrates counsel's performance met an objectively reasonable standard of representation. Counsel is not required to file a motion to suppress evidence in every case. State v.Flors (1987), 38 Ohio App.3d 133. Only where the record "provides no clear understanding of when *** Miranda warnings were given" is one necessary; this is in order to determine the admissibility of the defendant's incriminating statements. State v. Scott, Warren App. No. CA2005-12-134, 2007-Ohio-1094.
 {¶ 14} In this case, the record reflects Stone confessed after his arrest. State v. Flors, supra; State v. Smith, Cuyahoga App. No. 90684,2008-Ohio-6474; cf., State v. Carter, Cuyahoga App. No. 91019,2008-Ohio-6955. The prosecutor's *Page 6 
opening statement to the court indicated that although Stone was informed of his right against self-incrimination, he gave his statement voluntarily.
 {¶ 15} Under these circumstances, a motion to suppress evidence was doomed to failure. Rather than take a useless action, defense counsel instead chose to pursue the only reasonable trial strategy available, viz., pointing out the state otherwise lacked evidence to support the firearm specifications. This strategy limited Stone's exposure to the mandatory prison sentence those portions of the indictment required. Acknowledgment of the fact of Stone's confession, therefore, became an integral part of trial tactics. State v. Flors, supra.
 {¶ 16} Stone's decision to accept the state's plea offer cut short his trial, but with his defense counsel's help, he ultimately secured the dismissal of some of the charges. Since the record reflects his counsel's performance met a reasonable standard of representation, Stone cannot meet the first requirement to demonstrate his trial counsel's ineffectiveness, and his claim fails. State v. Bradley, supra.
 {¶ 17} Stone's assignment of error, accordingly, is overruled.
 {¶ 18} Stone's convictions are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and LARRY A. JONES, J., CONCUR. *Page 1