OPINION
{¶ 1} Appellant, S.O., appeals his adjudication of delinquency from the Clermont County Court of Common Pleas, Juvenile Division, on the basis that his admission to the delinquent act, which would constitute the offense of aggravated robbery with a specification if committed by an adult, was not knowingly, voluntarily, and intelligently made.
 {¶ 2} Appellant argues under his single assignment of error that the admission was not knowing, voluntary, and intelligent because the juvenile court failed to determine if he *Page 2 
understood the nature of the allegations, the consequences of his admission, or the rights he was waiving by entering the admission.
 {¶ 3} The transcript of the hearing at issue shows that the prosecutor informed the juvenile court that the parties reached an agreement wherein the state would withdraw its request to seek transfer of appellant's case to the adult criminal court, and appellant would give "an entry of admission to the charge contained in the allegation to the aggravated robbery."
 {¶ 4} Appellant's counsel said, "That's correct, Your Honor. We'll admit and waive formal reading."
 {¶ 5} Juvenile Court: "Thank you. On that admission and (inaudible) I will make an adjudication as charged on the original complaint and the entry notes the state withdraws its motion to relinquish jurisdiction."
 {¶ 6} The prosecutor: "Thank you, Your Honor."
 {¶ 7} The juvenile court and the prosecutor proceeded to discuss whether to go forward with disposition and whether the victim or victims were present.
 {¶ 8} The juvenile court judge must be guided by Juv. R. 29 in the process of accepting an admission. In re C.S., 115 Ohio St.3d 267, 285,2007-Ohio-4919, ¶ 111.
 {¶ 9} According to Juv. R. 29(D), the (juvenile) court shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 10} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 11} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." *Page 3 
 {¶ 12} The Ohio Supreme Court noted that many state appellate courts recognize that "an admission in a juvenile proceeding, pursuant to Juv. R. 29, is analogous to a guilty plea made by an adult pursuant to Crim. R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules." In re C.S., at ¶ 112.
 {¶ 13} "We hold that in a juvenile delinquency case, the preferred practice is strict compliance with Juv. R. 29(D). We further hold, however, that if the trial court substantially complies with Juv. R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver. For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea."In re C.S., at ¶ 113.
 {¶ 14} Juv. R. 29(D) places an affirmative duty upon the juvenile court to personally address the juvenile before the court to determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In reBeechler, 115 Ohio App.3d 567, 571.
 {¶ 15} The state argues that appellant waived the Juv. R. 29(D) issue on appeal because he did not seek to withdraw his admission. However, similar to our holding in the case of In re Ratliff, the juvenile court in the instant case never addressed appellant and never asked him if he admitted to the offense. If appellant never admitted to the offense, he cannot seek withdrawal of the admission, and there was no waiver for failure to seek a withdrawal of admission that was never made. In reRatliff, Clermont App. Nos. CA2001-03-033, CA2001-05-050, 2002-Ohio-2070.
 {¶ 16} By not addressing appellant, the juvenile court failed to comply even minimally *Page 4 
with the requirements of Juv. R. 29(D), and, consequently, the adjudication of delinquency must be reversed and this case remanded. SeeIn re Ratliff, citing In re Hendrickson (1996), 114 Ohio App.3d 290,292-293.
 {¶ 17} Accordingly, appellant's single assignment of error is sustained. The judgment is reversed and remanded to the juvenile court for further proceedings.
 BRESSLER and POWELL, JJ., concur. *Page 1