[Cite as *In re A.H.*, 2018-Ohio-364.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

IN THE MATTER OF: :

A.H. : CASE NO. CA2017-05-005

: O P I N I O N
1/29/2018

:

:

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20172034

Timothy B. Hackett, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

Zachary A. Corbin, Brown County Prosecuting Attorney, Courtney A. Worley, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for appellee

**HENDRICKSON, P.J.**

{¶ 1} Appellant, A.H., a juvenile, appeals from his adjudication as a delinquent child by the Brown County Court of Common Pleas, Juvenile Division, upon his admission to a complaint alleging rape. For the reasons set forth below, we reverse A.H.'s adjudication and remand the matter for further proceedings.

**I. FACTS**

{¶ 2} In November 2016, a complaint was filed in the Lucas County Court of

Common Pleas, Juvenile Division, alleging A.H. was a delinquent child for having committed an act that would constitute rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, if committed by an adult. The complaint arose out of allegations that on July 8, 2016, A.H., then 16 years old, performed fellatio on an 11-year-old boy while the two were on a youth group trip in Maumee, Ohio.

{¶ 3} In January 2017, the Lucas County Juvenile Court transferred A.H.'s case to the Brown County Juvenile Court. A.H. was arraigned on February 8, 2017. At this time, the juvenile court recited the allegations in the complaint and A.H., through appointed counsel, entered a denial to the charge.

{¶ 4} On February 22, 2017, A.H.'s counsel filled a "Suggestion of Incompetency" and requested a competency evaluation as counsel had "serious concerns regarding the child's ability to assist counsel in his own defense and understand the nature and facts of the charges against him." The court granted the request and a clinical psychologist completed a competency evaluation on A.H. The evaluation was filed with the court on February 28, 2017.

{¶ 5} In the written competency evaluation, the psychologist noted he had reviewed A.H.'s "record of offenses" as provided by the Brown County Juvenile Court, conducted a clinical interview with A.H., and tested A.H.'s intelligence using the Wechsler Abbreviated Scale of Intelligence (Second Edition) ("WISA"). Although A.H. self-reported four prior psychiatric hospitalizations and noted he had been transferred from his most recent foster home to a psychiatric unit because of his "devil worship" and belief that his foster parents were trying to poison his food, the psychologist stated A.H. "displayed absolutely no indication of psychosis during this evaluation." The psychologist concluded A.H. was competent as A.H. "appear[ed] to be presently capable of understanding the nature and objectives of the proceedings against him" and "appear[ed] to be presently capable of

assisting his attorney in formulating a defense." In reaching this conclusion, the psychologist noted A.H. was of "average intellectual ability," had no difficulty conversing with the psychologist, would "very likely" be able to converse with his attorney without difficulty, and had been able to describe and discuss the rape charge, the severity of the possible punishment for the charge, the various roles of the courtroom personnel, the significance of witnesses and evidence, the meaning of "guilty," "innocent," and "plea bargain," and the concepts of "admit" or "deny."[1]

{¶ 6} A competency hearing was held on March 2, 2017, at which time A.H.'s counsel stated he had received and reviewed the February 28, 2017 evaluation indicating A.H. was competent. Defense counsel informed the court, "We're not going to contest the * * * findings in that, in there that he had – in that document that he is competent, Judge." Defense counsel then stated he needed time to consult with A.H. now that the results of the competency evaluation had been submitted. The court, without making any specific findings as to A.H.'s competency, concluded the hearing and set the matter for trial. On May 30, 2017, A.H. appeared before the court to enter an admission to the rape charge. At this time, the issue of A.H.'s competency was addressed by the juvenile court as follows:

> THE COURT: [Defense counsel,] I was just looking through the file, and there had been a suggestion of incompetency filed. For the record, what – we had put on a – there was a – the report was filed in here.
>
> [DEFENSE COUNSEL]: Yes, Judge. To make the record clear, I did receive a copy of the report. It advised that [A.H.] was competent.
>
> And I would formally, if I haven't already, stipulate to that on the record. So, we're appropriate to go forward with the plea today based on that information.

---

1. The psychologist found A.H. to be of "average intellectual ability" even though he obtained a full-scale IQ of 89 on WISA, which indicated A.H. was "functioning in the low average range of intelligence or at about the 23rd percentile for his age group." The psychologist noted that this score was "lower than what [was] expected on the basis of [A.H.'s] clinical presentation" and indicated "[e]motional factors may have interfered with [A.H.'s] performance on this measure to a slight degree as he appears to be of at least average intelligence."

THE COURT: All right. Very well. The Court will take judicial notice of that, and thank you for that.

{¶ 7} Thereafter, the juvenile court had the following discussion with A.H. with regard to his admission to the rape charge:

THE COURT: All right. Do you know why we're here?

[A.H.] Yes, Sir.

THE COURT: And what are we here for?

[A.H.] My trial, Sir.

THE COURT: Okay. And we're not going to go forward with a trial; are we?

[A.H.] No, Sir.

THE COURT: And why is that?

[A.H.] Because I already know that it's –

[DEFENSE COUNSEL]: Admitted.

[A.H.] I mean, I admitted it.

THE COURT: Okay. Well, we'll get to that in a minute, because as your attorney explained to you everything is recorded. And you know, we have to dot all of the I's, cross all of the T's, and everything to make sure everybody understands everything. You know, I've read to you your rights many times. And you've got a lawyer to represent you. Your grandma or your adopted mother is here.

Ma'am do you understand what's going on here today?

[MOTHER]: Uh-huh.

THE COURT: Do you agree with his admitting to the offense and going forward?

* * *

[MOTHER]: If – if he did it, yeah.

THE COURT: Okay. All right. Well, let's get right to that then,

because I know that you understand all of your rights, even though your attorney has waived those rights. He's explained everything to you.

* * *

THE COURT: All right. [A.H.], are you satisfied with [your attorney's] services?

[A.H.]: Yes, Sir.

THE COURT: Okay. Well, to the charge of rape, a violation of Ohio Revised Code 2907.02(A)(1)(b), do you admit or deny that?

[A.H.]: I admit, Sir.

THE COURT: Okay. And [defense counsel], do you agree with his entering that admission from basis – from facts that you know about what happened?

[DEFENSE COUNSEL]: Yes, Judge. I've reviewed the file with [A.H.], reviewed the alleged facts as I spoke to the guardian ad litem. And we would stipulate the facts that are in – that are set forth are submit – sufficient enough for you to find him guilty, and they are accurate facts.

THE COURT: All right. [Prosecuting Attorney], are you satisfied that the juvenile understands what he's doing and that he is voluntarily entering an admission to the charge of rape?

[PROSECUTING ATTORNEY]: Yes, Your Honor.

THE COURT: All right. The Court would accept that and adjudicate him delinquent for the offense, the violation of rape, 2907.02(A)(1)(b).

After accepting A.H.'s admission to the rape charge, the case proceeded to disposition. A.H. was committed to the Ohio Department of Youth Services for 12 months or until he was 21 years old.

{¶ 8} A.H. timely appealed, raising three assignments of error for our review.

## II.  ANALYSIS

{¶ 9} Assignment of Error No. 1:

{¶ 10}  A.H. WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW WHEN THE

JUVENILE COURT FAILED TO ISSUE A WRITTEN COMPETENCY DETERMINATION, IN VIOLATION OF R.C. 2152.58; THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; AND ARTICLE, 1, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 11} In his first assignment of error, A.H. argues his constitutional due process rights and his statutory rights under R.C. 2952.58 were violated by the juvenile court when the court failed to rule on the issue of his competency to stand trial before accepting his admission to the rape charge. We agree.

{¶ 12} "It is a fundamental notion of due process that a criminal defendant who is not legally competent may not be convicted of a crime." *In re N.A.*, 12th Dist. Butler No. CA2011-06-106, 2012-Ohio-1897, ¶ 17, citing *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). *See also Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836 (1966). Although A.H. is not a criminal defendant, "the right not to be tried [or convicted] while incompetent is as fundamental in juvenile proceedings as it is in criminal trials of adults." *In re Williams*, 116 Ohio App.3d 237, 241 (2d Dist.1997). As an incompetent defendant may not be convicted of a crime "'a court's decision concerning the competency of an individual to stand trial will always be deemed outcome-determinative in the most fundamental sense.'" *In re N.A.* at ¶ 17, quoting *In re Williams* at 241.

{¶ 13} Competency proceedings for juveniles are governed by R.C. 2152.51 through 2152.59. These statutes address timing requirements for competency evaluations and hearings, qualifications for evaluators, and requirements for competency hearings and written competency assessment reports. R.C. 2152.52(A)(1) permits "any party or the court to move for a determination regarding the child's competency to participate in the proceeding." If the court determines there is a reasonable basis for the competency evaluation or if the prosecuting attorney and the child's attorney agree to an evaluation, the court must appoint an evaluator and order the evaluation. R.C. 2152.53(B). The evaluator must comply with the

requirements set forth in R.C. 2152.56 and file a written competency assessment report with the court. R.C. 2152.58(A) provides that between 15 and 30 business days after the competency assessment report is filed with the juvenile court, the court "shall hold a hearing to determine the child's competency to participate in the proceeding." The statute further provides, in relevant part:

> (C) In determining the competency of the child to participate in the proceeding, the court shall consider the content of all competency assessment reports admitted as evidence. The court may consider additional evidence, including the court's own observations of the child's conduct and demeanor in the courtroom.
>
> (D)(1) Except as otherwise provided in this division, *the court shall make a written determination as to the child's competency or incompetency based on a preponderance of the evidence within fifteen business days after completion of the hearing.* The court, by journal entry, may extend the period for making the determination for not more than fifteen additional days. If the court extends the period for making the determination, it shall make the written determination within the period as extended.

(Emphasis added.) R.C. 2152.58(C) and (D)(1).

{¶ 14} In the present case, the juvenile court ordered a competency evaluation, received the assessment from the psychologist, and held an abbreviated hearing on A.H.'s competency. The court failed, however, to make any finding as to A.H.'s competency to stand trial. The fact that defense counsel stipulated he received the psychologist's written evaluation and was "not going to contest the * * * findings in that * * * document" does not relieve the juvenile court of its statutory duty under R.C. 2152.58(D)(1) to make a written determination as to A.H.'s competency. R.C. 2152.58(D)(1) specifically provides that "the court *shall make a written determination* as to the child's competency or incompetency based on a preponderance of the evidence * * * after completion of the hearing." (Emphasis added.) The use of the word "shall" in the statute "connotes the imposition of a mandatory obligation." *State v. Golphin*, 81 Ohio St.3d 543, 545 (1998). The court was required to

consider the content of the competency assessment report and other relevant considerations, such as defense counsel's representations about the juvenile as well as the court's own observations of the juvenile's conduct and demeanor in the courtroom, and make a written determination as to A.H.'s competency pursuant to R.C. 2152.58(C) and (D)(1). Its failure to do so results in reversible error. *See, e.g., In re Andrew W.*, 5th Dist. Knox No. 13-CA-24, 2014-Ohio-1576 (finding plain error where the juvenile court failed to comply with the requirements of R.C. 2152.58 by neglecting to hold a competency hearing or issue a written determination of competency); *In re K.A.*, 8th Dist. Cuyahoga No. 104938, 2017-Ohio-6979 (finding reversible error and vacating a juvenile's admission to rape and kidnapping where the juvenile court failed to comply with the requirements of R.C. 2152.58 by neglecting to hold a competency hearing or issue a written determination of competency).

{¶ 15} Accordingly, as the juvenile court failed to make a written determination of A.H.'s competency as required by R.C. 2152.58(D)(1) prior to accepting A.H.'s admission to the rape charge, we sustain A.H.'s first assignment of error.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE JUVENILE COURT ERRED WHEN IT ACCEPTED A.H.'S ADMISSION, BECAUSE THE ADMISSION WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION; JUV.R. 29.

{¶ 18} In his second assignment of error, A.H. argues his admission to the rape charge was not made knowingly, intelligently, and voluntarily as the juvenile court failed to comply with the requirements set forth in Juv.R. 29 in accepting his plea.

{¶ 19} "'An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the

rules.'" *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 112, quoting *In re Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788, ¶ 13.  As relevant to the present appeal, Juv.R. 29 provides as follows with respect to adjudicatory hearings:

> (B)  **Advisement and findings at the commencement of the hearing.**  At the beginning of the hearing the court shall do all of the following:
>
> (1)  Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
>
> (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing * * *;
>
> * * *
>
> (D)  **Initial procedure upon entry of an admission.**  The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1)   The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission.
>
> (2)  The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.  * * *

(Emphasis sic.)

{¶ 20}   In a delinquency case, the preferred practice is for the juvenile court to strictly comply with the requirements set forth in Juv.R. 29(D).  *In re C.S.* at paragraph 6 of the syllabus.  However, "[i]f the [juvenile] court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver."  *Id.*  "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile

subjectively understood the implications of his plea." *Id.* at ¶ 113.

{¶ 21} "Juv.R. 29(D) places an affirmative duty upon the juvenile court to personally address the juvenile before the court to determine that the juvenile, not merely the attorney, understands the nature of the allegations and the consequences of entering the admission." *In re S.O.*, 12th Dist. Clermont No. CA2007-12-121, 2008-Ohio-3893, ¶ 14, citing *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist.1996).

{¶ 22} Here, the record demonstrates, and the state concedes, that the juvenile court failed to substantially comply with Juv.R. 29 before accepting A.H.'s admission. The juvenile court failed to inform A.H. of the substance of the complaint or ascertain whether A.H. understood the nature of the allegations against him and the consequences of an admission, as required by Juv.R. 29(B)(2) and (D)(1). The court further failed to inform A.H. of the rights he was forfeiting by entering an admission, as required by Juv.R. 29(D)(2). The court merely assumed A.H. knew what rights he was waiving, stating "Well, let's get right to that then, because I know that you understand all of your rights, even though your attorney has waived those rights. He's explained everything to you." Given the abbreviated manner in which the juvenile court addressed A.H. at the adjudicatory hearing, we find that A.H. could not have subjectively understood the implications of his plea.

{¶ 23} Accordingly, as the juvenile court's colloquy with A.H. failed to comply even minimally with the requirements of Juv.R. 29, we sustain A.H.'s second assignment of error.

{¶ 24} Assignment of Error No. 3:

{¶ 25} A.H. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO REQUEST A SECOND COMPETENCY EVALUATION, STIPULATED TO A.H.'S COMPETENCY, AND FAILED TO OBJECT TO THE JUVENILE COURT'S FAILURE TO COMPLY WITH JUV.R. 29 AND R.C. 2152.58. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I,

SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 26} In his third assignment of error, A.H. contends he was denied his constitutional right to effective representation as defense counsel stipulated to his competency, failed to request a second competency evaluation, and failed to object to the court's noncompliance with the statutory requirements of R.C. 2152.58 and the requirements of Juv.R. 29 before accepting his admission to the rape charge. However, based on our resolution of A.H.'s first and second assignments of error, we find that we do not need to address his third assignment of error. *See* App.R. 12(A)(1)(c); *State v. Blatchford*, 12th Dist. Preble No. CA2015-12-023, 2016-Ohio-8456, ¶ 71; *State v. Scott*, 12th Dist. Warren No. CA2005-12-134, 2007-Ohio-1094, ¶ 29.

### III. CONCLUSION

{¶ 27} For the reasons stated above, judgment is reversed, A.H.'s delinquency adjudication is vacated, and the matter is remanded to the juvenile court with instructions to conduct a hearing and issue a written determination as to A.H.'s competency in accordance with the requirements of R.C. 2152.58. Should A.H. be found competent and desire to enter an admission to the rape charge, the juvenile court shall comply with the requirements set forth in Juv.R. 29 in accepting the admission.

S. POWELL and RINGLAND, JJ., concur.